UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DIANE AYERDI, *individually and on behalf of all others similarly situated*,<br><br>                                    Plaintiff,<br>                -v-<br><br>ZETA GLOBAL HOLDINGS CORP. *and* DOTDASH MEREDITH, INC.,<br><br>                                    Defendants. | 25 Civ. 5780 (PAE)<br><br>OPINION & ORDER |
| A.P., R.E.A., *and* K.G., *individually and on behalf of all others similarly situated*,<br><br>                                    Plaintiffs,<br>                -v-<br><br>ZETA GLOBAL CORPORATION, *and* ZETA GLOBAL HOLDINGS CORPORATION,<br><br>                                    Defendants. | 25 Civ. 5823 (PAE) |

PAUL A. ENGELMAYER, District Judge:

Before the Court is an unopposed motion by plaintiffs in the above-captioned actions to consolidate the actions. Plaintiffs further move for appointment of (1) their respective attorneys, Gary E. Mason of Mason LLP ("Mason") and Amanda Fiorilla of Lowey Dannenberg, P.C. ("Lowey Dannenberg"), as joint interim co-lead counsel; and (2) an executive committee of Blake Hunter Yagman of Spiro Harrison & Nelson LLC ("Spiro Harrison & Nelson"), Danielle L. Perry of Mason, and Israel David of Israel David LLC ("Israel David").

For the following reasons, the Court consolidates the actions and, for the consolidated action, appoints Mason and Lowey Dannenberg as interim co-lead counsel, and the proposed counsel as executive committee members.

I.     **Background**

On July 14, 2025, Diane Ayerdi filed a putative class action against defendants Zeta Global Holdings Corporation ("Zeta Holdings") and Dotdash Meredith, Inc., ("Dotdash"), on behalf of all residents of California who opened an email newsletter containing the LiveIntent pixel and/or opened an email newsletter from Dotdash containing the LiveIntent pixel during the relevant statute of limitations periods. *Ayerdi v. Zeta Global Holdings Corp.*, No. 25 Civ. 5780, Dkt. 1 ("*Ayerdi* Compl."). One day later, plaintiffs A.P., R.E.A., and K.G. filed a putative class action against Zeta Holdings and Zeta Global Corporation ("Zeta Corp.," and collectively with Zeta Holdings, "Zeta") on behalf of all individuals whose personally identifiable information ("PII") Zeta aggregated, collected, retained, sold, or otherwise profited from between January 1, 2019 and July 15, 2025. *A.P. v. Zeta Global Corp.*, No. 25 Civ. 5823, Dkt. 1 ("*A.P.* Compl."). On August 6, 2025, the Court accepted *A.P.* as related to the earlier-filed *Ayerdi* action.

Zeta, based in New York City, uses artificial intelligence to develop personalized targeting techniques aimed at helping brands acquire and retain customers. *Ayerdi* Compl. ¶ 10; *A.P.* Compl. ¶ 4. The *Ayerdi* and *A.P.* actions allege that, during the respective class periods, Zeta obtained personal data and behavioral profiles of putative class members, and shared, sold, or otherwise disclosed this data to its clients and third parties for advertising, marketing, and analytics purposes, all without their customers' consent. *Ayerdi* Compl. ¶¶ 5–7; *A.P.* Compl. ¶¶ 5–7. The PII that Zeta disclosed, plaintiffs allege, included their religious identities, political preferences, financial health indicators, household characteristics, sexual orientations, and other demographic information. *Ayerdi* Compl. ¶ 38; *A.P.* Compl. ¶ 71–72. Zeta allegedly concealed that its data collection systems—advertised as requiring users to affirmatively opt in—collected such information from users without notice or consent. *See, e.g.*, *Ayerdi* Compl. ¶ 144; *A.P.* Compl. ¶¶ 40–41. Based on defendants' undisclosed collection and monetization of such

consumer data, plaintiffs claim violations of, *inter alia*, federal and state consumer protection and privacy laws. *Ayerdi* Compl. ¶¶ 7, 45–50, 100–83; *A.P.* Compl. ¶¶ 106, 110.

On July 31, 2025, plaintiffs filed a motion (1) for consolidation of *Ayerdi* and *A.P.*, and, as to the consolidated case, for appointment of (2) interim co-lead counsel, and (3) an executive committee. Dkts. 14–15. Ayerdi is represented by Mason, and A.P., R.E.A., and K.G. are represented by Lowey Dannenberg.

## II. Discussion

### A. Consolidation

Plaintiffs move for consolidation of *Ayerdi* and *A.P.* No party has opposed consolidation.

Federal Rule of Civil Procedure 42(a) empowers district courts to consolidate two or more actions that involve "a common question of law or fact." *Devlin v. Transp. Commc'ns Int'l Union*, 175 F.3d 121, 130 (2d Cir. 1999) (quoting Fed. R. Civ. P. 42(a)). It provides that if actions before a court "involve a common question of law or fact," the court may "(1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a). "The Rule should be prudently employed as a valuable and important tool of judicial administration, invoked to expedite trial and eliminate unnecessary repetition and confusion. In assessing whether consolidation is appropriate in given circumstances, a district court should consider both equity and judicial economy." *Devlin*, 175 F.3d at 130 (citation omitted). The Court "has broad discretion to determine whether consolidation is appropriate." *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir. 1990).

Consolidating the actions here furthers equity and judicial economy. Both actions allege privacy violations arising from the collection, retention, and distribution of personal data. *Ayerdi* Compl. ¶¶ 1–8; *A.P.* Compl. ¶¶ 1–9. Both bring claims under, *inter alia*, the New York General

Business Law § 349, the California Invasion of Privacy Act ("CIPA"), and the Electronic Communications Privacy Act ("ECPA").  *Ayerdi* Compl. ¶¶ 100-83; *A.P.* Compl. ¶¶ 124–66. And they sue overlapping defendants, including Zeta.  *Ayerdi* Compl. ¶¶ 10–12; *A.P.* Compl. ¶¶ 36–38.

The minor differences between the cases—including in the definitions of the proposed class and the scope of the proposed class period—do not bar consolidation.  Courts routinely consolidate class actions where, as here, there are sufficient common questions of fact and law, and where the differences do not outweigh the interests of judicial economy.  *See, e.g.*, *In re Bank of America Corp. Secs., Derivative and ERISA Litig.*, 258 F.R.D. 260, 268 (S.D.N.Y. 2009) (consolidating on basis of judicial convenience and economy notwithstanding differences among cases); *Hom v. Vale, S.A.*, 15 Civ. 9539, 2016 WL 880201, at *2 (S.D.N.Y. Mar. 7, 2016) (same, where the "complaints raise[d] similar allegations regarding misrepresentations or omissions in statements concerning [the same subject], and br[ought] the same causes of action against nearly the same defendants" and there were "minor" differences in the putative class periods); *Barnette v. Arcimoto Inc*, No. 21 Civ. 2143, 2021 WL 2986397, at *1 (E.D.N.Y. July 15, 2021) (same); *Pinkowitz v. Elan Corp., PLC*, No. 2 Civ. 4948, 2002 WL 1822118, at *3 (S.D.N.Y. July 29, 2002) (differences as to "the precise confines of the relevant class period" do not preclude consolidation).

In sum, because judicial economy and convenience strongly favor consolidation and there is no opposition or evident risk of prejudice, the Court finds consolidation appropriate.  *See, e.g.*, *Johnson v. Insider Inc.*, No. 22 Civ. 6529, 2022 WL 16836819, at *1 (S.D.N.Y. Nov. 8, 2022) (consolidation of data privacy class actions alleging improper PII disclosure by same defendant appropriate to avoid unnecessary cost, delay, and repetition); *Ferrari v. Impath, Inc.*, No. 3 Civ.

5667, 2004 WL 1637053, at *2 (S.D.N.Y. July 20, 2004) (consolidation of securities class actions appropriate where complaints were "based on the same public statements and reports"). The Court therefore grants the motion to consolidate the *Ayerdi* and *A.P.* actions.

### B.     Appointment of Interim Co-Lead Counsel

Federal Rule of Civil Procedure 23(g)(3) provides that the Court "may designate interim counsel to act on behalf of a putative class before determining whether to certify the class." "[D]esignation of interim counsel clarifies responsibility for protecting the interests of the class during precertification activities, such as making and responding to motions, conducting any necessary discovery, moving for class certification, and negotiating settlement." Manual For Complex Litigation (Fourth) § 21.11 (2004).

"When appointing interim class counsel, courts generally look to the same factors used in determining the adequacy of class counsel under Rule 23(g)(1)(A)." *In re Mun. Derivatives Antitrust Litig.*, 252 F.R.D. 184, 186 (S.D.N.Y. 2008) (citing *In re Air Cargo Shipping Antitrust Litig.*, 240 F.R.D. 56, 57 (E.D.N.Y. 2006)).

Rule 23(g)(1)(A) requires the Court to consider:

> (i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class[.]

"When more than one choice of counsel satisfies these requirements for adequacy, Rule 23(g)(2) provides that the court 'must appoint the applicant best able to represent the interests of' the plaintiffs." *In re Mun. Derivatives Antitrust Litig.*, 252 F.R.D. at 186 (quoting Fed. R. Civ. P. 23(g)(2)).

Here, Ayerdi proposes the firm of Mason as interim co-lead counsel. A.P., R.E.A., and K.G. propose the firm of Lowey Dannenberg as interim co-lead counsel.

On consideration of the factors specified by Rule 23(g)(1)(A) and review of the firms' submissions as to their pertinent background and experience, the Court finds Mason and Lowey Dannenberg well qualified to serve as interim co-lead counsel. Plaintiffs represent that both firms have investigated the facts underlying the actions, screened potential plaintiffs, and investigated the legal merits of potential claims. *See* Dkt. 15 at 9. Both have successfully litigated class actions involving data privacy, including in this District. *See* Dkt. 15, Exs. A–B. Both have litigated cases involving the statutes at issue, including the ECPA and state laws governing consumer protection and data privacy. *See, e.g.*, *In re Google Buzz Priv. Litig.*, No. 10 Civ. 672 (N.D. Cal. 2010) (class action alleging ECPA violations in which Mason served as lead class counsel); *Frasco v. Flo Health, Inc.*, No. 3:21 Civ. 757 (N.D. Cal. 2021) (class action alleging CIPA violations in which Lowey Dannenberg served as co-lead class counsel). The firms thus appear to know the applicable law, as required by Rule 23(g)(1)(A)(iii). *See Johnson*, 2022 WL at *1–2 (appointing as class counsel certain firms as with substantial experience in class action and data privacy litigation). Finally, the proposed interim co-lead counsel represent that they have the personnel and resources to litigate this case to completion. *See* Dkt. 15 at 16.

Accordingly, the Court appoints Mason and Lowey Dannenberg interim co-lead counsel.

C.     **Executive Committee**

District courts often "appoint a . . . plaintiffs' steering committee to coordinate and conduct pretrial proceedings on behalf of all plaintiffs in order to avoid what otherwise might well become chaotic." *In re Zyprexa Prods. Liab. Litig.*, 594 F.3d 113, 130 (2d Cir. 2010) (Kaplan, *J.*, concurring). "[W]hile individual plaintiffs are separately represented, they typically benefit also—often predominantly—from the work of the. . . committee." *Id.* The Court is likewise mindful of the potential complexity of this litigation and that it may take turns that make it useful for co-lead counsel to look to an executive committee as a useful resource. The Court

6

also agrees with plaintiffs' counsel that, depending on future developments in this litigation, the class may benefit from having pre-designated individuals available to support the efforts of interim co-lead counsel.

The plaintiffs have proposed Yagman, Perry, and David as executive committee members. Each, as represented, has expertise in data privacy matters, including class actions challenging unauthorized disclosures of PII to third-party advertisers. *See In re CityMD Data Priv. Litig.*, No. 24 Civ. 6972 (D.N.J. 2025) (class action alleging use of third-party tracking software in which Spiro Harrison & Nelson represented putative class); *In re NCB Mgmt. Servs., Inc. Data Breach Litig.*, No. 23 Civ. 1236 (E.D. Pa. 2025) (class action alleging improper disclosure of PII in which Mason served on plaintiffs' steering committee); *In re TikTok, Inc., In-App Browser Priv. Litig.*, No. 1:24 Civ. 2110 (N.D. Ill. 2024) (class action alleging improper surveillance of TikTok users in which David served on plaintiffs' steering committee).

Accordingly, the Court appoints the identified counsel from Spiro Harrison & Nelson, Mason, and Israel David as executive committee members. For avoidance of doubt, the counsel whom the Court today pre-designates are not vested at this time with any responsibilities in this case. They are not authorized to do independent work on behalf of the putative class. Rather, they are to be "on-call"—available, at interim co-lead counsel's sole discretion, as a resource if needed.

## CONCLUSION

For the foregoing reasons, the Court (1) grants plaintiffs' motion to consolidate *Ayerdi* and *A.P.* and, as to the consolidated case, (2) appoints Mason and Lowey Dannenberg as interim co-lead counsel, and (3) appoints the identified counsel from Spiro Harrison & Nelson, Mason, and Israel David executive committee members. The above-captioned actions are consolidated

under the caption *In re Zeta Global Data Privacy Litigation*, 25 Civ. 5780 (PAE).  All filings and submissions shall be made under the docket number 25 Civ. 5780 (PAE) only.

The Court directs the parties to confer and jointly file by October 21, 2025 a proposed schedule for the filing of an amended complaint and briefing for any motion to dismiss.  The Clerk of Court is respectfully directed to terminate all pending motions.

SO ORDERED.

*Paul A. Engelmayer*
Paul A. Engelmayer
United States District Judge

Dated: October 14, 2025
       New York, New York