**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

IN RE ZETA GLOBAL DATA PRIVACY LITIGATION

Case No. 1:25-cv-05780-PAE

THIS DOCUMENT RELATES TO:

*All Cases*
1:25-cv-05780-PAE
1:25-cv-05823-PAE

**PLAINTIFFS' OPPOSITION TO DEFENDANTS ZETA GLOBAL CORP. AND ZETA GLOBAL HOLDINGS CORP.'S REQUEST FOR JUDICIAL NOTICE**

## INTRODUCTION

Zeta's[1] Request for Judicial Notice (ECF No. 46) seeks to sweep in a number of documents that are plainly irrelevant to this case.[2] This includes **Exhibit C**, which is a data profile compiled by an unregistered data broker, National Public Data, without Plaintiff Ayerdi's consent. Nothing about the fact that there is a separate bad actor unlawfully collecting *some* data about Plaintiff Ayerdi excuses Zeta's conduct here, and its belief that it does merely confirms once again that Zeta does not appreciate the privacy-invasive nature of its own conduct. The same is true for **Exhibit B**, which was a profile of Plaintiff Ayerdi reflecting her singing style, languages, and demo videos. That someone has an interest in singing does not waive one's privacy rights not to be profiled by Zeta across the internet, and this exhibit therefore has no relevance either.

Meanwhile, **Exhibit A**, a copy of one of its SEC filings, is submitted solely for the purpose of disputing well-pled facts in the First Amended Consolidated Class Action Complaint ("FAC"). Because a party cannot request judicial notice for this purpose, Exhibit A should also be rejected.

Finally, the Court should not take judicial notice of **Exhibit D** and **Exhibit E**, one version of AllRecipe's sign-up page and privacy policy, both because they are used to dispute well-pled facts and because Zeta submits no evidence or basis to believe these are screens or policies that would have been seen by any of the Plaintiffs.

## LEGAL STANDARD

Generally, requests for judicial notice are granted only when a defendant presents relevant facts to the matters before the court. *Komatsu v. City of New York*, No. 20-CV-10942 (VEC), 2021

---

[1] All capitalized terms herein have the same meaning used in the First Amended Consolidated Class Action Complaint ("FAC" or "¶"). *See* ECF No. 35.

[2] The documents are each attached as exhibits to the Declaration of Whitney M. Smith in Support of Zeta's Motion to Dismiss and Request for Judicial Notice. *See* ECF No. 45.

WL 1590205, at *2 (S.D.N.Y. Apr. 23, 2021). "Because the effect of judicial notice is to deprive a party of the opportunity to use rebuttal evidence, cross-examination, and argument to attack contrary evidence, caution must be used in determining that a fact is beyond controversy under [Fed. R. Evid.] Rule 201(b)." *Novartis Pharma AG v. Incyte Corp.*, 777 F. Supp. 3d 340, 354 (S.D.N.Y. 2025).

Similarly, incorporation by reference of a document can only take place if the operative complaint makes a "clear, definite, and substantial reference" to it. *Lora v. Centralized Management Services, Inc.*, No. 18-CV-4253 (NSR), 2020 WL 3173025, at *1 (S.D.N.Y. June 12, 2020). Consistent with this theme, "[m]ere discussion or limited quotation of a document in a complaint" is not sufficient. *Id.* A court may also consider an extraneous document on a motion to dismiss when it is "integral" to the complaint, but only if the complaint relies "heavily upon the document's terms and effect." *See Securities and Exchange Commission v. Thurlow*, No. 21-CV-7700 (VSB), 2024 WL 5202623, at *5 (S.D.N.Y. Dec. 23, 2024).

## ARGUMENT

Zeta requests that this Court take judicial notice of five documents: (1) Zeta's Form 10-k filed with the Securities and Exchange Commission for the fiscal year ended December 31, 2024 (Exhibit A); (2) a screenshot of a singer profile that describes Plaintiff Diane Ayerdi's singing style, languages, and provides video demonstrations (Exhibit B); (3) a screenshot of a webpage depicting a profile compiled by National Public Data about Plaintiff Diane Ayerdi (Exhibit C); (4) an undated sign-up page interface for AllRecipes.com (Exhibit D); and (5) the AllRecipes.com November 13, 2025 privacy policy (Exhibit E). ECF No. 46, at 1-2. Each of these requests should be denied.

**Exhibit A.** Zeta seeks judicial notice of Exhibit A to argue, contrary to the FAC, that Zeta's removal of the "opt-in" language from its subsequent security filings was ***not*** done to correct a

prior misrepresentation (¶¶ 94-100) but simply because "domestic and global data privacy laws" do not "require prior consent before data is used[.]" *See* ECF No. 44 at 4 n.2. This is improper. As alleged in the FAC, Zeta removed these references, not because consent was never required (which itself is legally incorrect),[3] but because its prior statement that it obtained "opt-in" consent was categorically false. *See* ¶¶ 94-100. Zeta cannot use judicial notice to put forth a counter-factual narrative that is inconsistent with the FAC's allegations. The Court should not take judicial notice of Exhibit A for this purpose.

**Exhibit B.** Zeta's Exhibit B is a profile on Plaintiff Ayerdi reflecting that she is a bilingual opera singer with demos of her musical talent. *See* Exhibit B. Zeta's Motion to Dismiss makes no reference to this exhibit, which is unsurprising because it is entirely irrelevant.

Zeta claims in its Request for Judicial Notice that this exhibit somehow is necessary because "[t]he publicly available nature" of Plaintiff Ayerdi's singing ability is "central to this case, given Plaintiffs' claim that Zeta surreptitiously intercepted and collected their personal and private data." *See* ECF No. 46 at 1. Not so. The existence of some, limited information about Plaintiff Ayerdi or any other Class Member on the internet does not create a license for Zeta to consistently violate their privacy rights by intercepting and using over 2,500 data points (¶ 67) across "a wide spectrum of industr[ies]" including "consumer & retail, telecommunications, financial services, business services and insurance[.]" *See* ECF No. 44 at 15. If that were true, any company could

---

[3] Collecting or using data *without* consent is ***not*** consistent with the law. *See, e.g.,* Cal. Civ. Code § 1798.100 (explaining a business that "controls the collection of a consumer's personal information shall, at or before the point of collection, inform consumers of . . . [t]he categories of personal information to be collected and the purposes for which the categories of personal information are collected or used and whether that information is sold or shared"); *see also* ¶¶ 129-133 (describing how Zeta fails to comply with established data privacy regimes because it does not obtain consent or practice data minimization); ¶¶ 187-198 (explaining the interception of data without consent violates the California Invasion of Privacy Act).

evade liability for intercepting and monetizing private communications simply because some unrelated information about a person happens to be publicly available—which is not, and has never been, the law. The Court should reject Zeta's request to judicially notice this exhibit, which has no bearing on Plaintiffs' claims or Zeta's liability.

**Exhibit C.** Exhibit C is a profile on Plaintiff Ayerdi compiled by a separate data broker, National Public Data.[4] Notably, National Public Data has come under its own scrutiny for its failure to comply with the law, including its failure to register as a data broker under California law.[5] It also made national news when, unbeknownst to millions of consumers, it suffered a data breach revealing this company had been compiling billions of Social Security Numbers.[6] All this exhibit shows, therefore, is that there is another bad actor out there that has gone out of its way to collect and profit from private data it should not have access to.

Like above, Zeta does not cite this exhibit anywhere in its Motion to Dismiss, but claims it is relevant because this case concerns "Zeta['s] surreptitious[] intercept[tion] and collect[ion] [of] . . . personal and private data." *See* ECF No. 46 at 1. But this is precisely the point. This case concerns *Zeta's* unlawful collection, *Zeta's* unlawful creation of identifiable user profiles, and *Zeta's* further disclosure of this information to third parties for profit. That another entity also acts unlawfully does not excuse Zeta's conduct, and this exhibit has no relevance to any claim or defense.

**Exhibit D.** Zeta claims that Exhibit D is the current user interface for creating an account

---

[4] While Zeta falsely claims that Plaintiff Ayerdi "ma[de] such information available on the internet herself" (ECF No. 46 at 3), there is no support whatsoever for this claim.
[5] *See CCPA Orders Florida Data Broker to Pay Fine*, CALIFORNIA PRIVACY PROTECTION AGENCY (May 8, 2025), https://cppa.ca.gov/announcements/2025/20250508.html (last visited Feb. 19, 2026).
[6] *Id.*

on AllRecipes.com. It offers this exhibit as purported evidence that Plaintiff K.G. completed this sign-up process that it claims is "condition[ed] . . . on the provision of consent to its terms and privacy policy." ECF No. 44 at 24. This fails for multiple reasons. First, Zeta took this screenshot on January 5, 2026, well after Plaintiff K.G. ever signed up for an All Recipes newsletter. *See B2B Rocket, LLC v. Kalendar, Inc.*, No. 24-CV-1063 (AS), 2024 WL 3833970, at *1 (S.D.N.Y. Aug. 15, 2024) (denying request for judicial notice of a 2022 Terms of Use when "nothing in the complaint" stated when plaintiff would have signed up for the platform at issue); *Moore v. Madison Reed, Inc.*, 2023 WL 5097966, at *2 n.3 (N.D.N.Y. Aug. 9, 2023) (denying request for judicial notice because a screenshot of a webpage is "not relevant" for judicial notice as it "did not depict what the plaintiff viewed"). Second, Zeta does not even attempt to establish that Plaintiff K.G. had notice of any terms that may (or may not) have been presented during this sign-up process or that there was mutual assent. *See Berkson v. Gogo LLC*, 97 F. Supp. 3d 359, 388 (E.D.N.Y. 2015) (explaining that the "touchstone" of a "binding contract" is "[m]utual manifestation of assent" which requires "notice" and "unequivocal acceptance of the terms"). Without fundamental touchstones of assent, these materials are irrelevant and this Court should not take judicial notice of them. *See Komatsu*, 2021 WL 1590205, at *2 (A "court can only sensibly take judicial notice of facts relevant to the matters before the court"); *Cabrera v. Dream Team Tavern Corp.*, No. 12CV6323ADSAKT, 2016 WL 1627621, at *3 (E.D.N.Y. Apr. 22, 2016) (Courts "have required that noticed facts be relevant").

Zeta's argument that this user interface is incorporated by reference also fails. Despite its claim, the FAC does not "repeatedly rely" on this interface (ECF No. 46 at 2), it is not cited anywhere in the FAC. *See id*. at 2 (citing *Burns v. UP Fintechup Fintech Holding Ltd*., No. 1:24-cv-1632, 2025 WL 936539, at *1 (S.D.N.Y. Mar. 27, 2025) (explaining incorporation by reference

is appropriate where a complaint "*heavily*" relies on certain materials) (emphasis added).

**Exhibit E.** Exhibit E is a November 13, 2025 Privacy Policy that Zeta claims is hyperlinked in the January 5, 2026, user interface for All Recipes. But like above, Zeta provides no way to discern whether this policy was applicable at the time Plaintiff K.G. signed up for the All Recipes newsletter. As such, it has no relevance. *See Komatsu*, 2021 WL 1590205, at *2. And even if these *were* the applicable terms, Zeta does not point to or explain how any provision in these terms is sufficient to mount a consent defense. *See Calhoun v. Google, LLC*, 113 F.4th 1141, 1147 (9th Cir. 2024) (explaining consent is "an affirmative defense for which defendant bears the burden of proof" and that consent is only effective if the defendant has made disclosures that "explicitly notify" the user of "the particular conduct" or "substantially the same conduct" and the defendant "did not exceed the scope of that consent."). Because Zeta does not attempt to substantiate this defense in any way, there is no purpose for judicially noticing Exhibit E.

None of the cases Zeta cites supports its attempt to use judicial notice to introduce irrelevant materials or dispute Plaintiffs' factual allegations. Each involved judicial notice of discrete, undisputed facts directly relevant to the claims at issue. *See* ECF No. 46 at 3 (citing *Patsy's Italian Rest., Inc. v. Banas*, 575 F. Supp. 2d 427, 443 n.18 (E.D.N.Y. 2008) (taking judicial notice of a newspaper article as evidence that one of the parties was opening an additional restaurant in New Jersey); *Volpe v. Am. Language Commc'n Ctr., Inc.,* 200 F. Supp. 3d 428, 430 (S.D.N.Y. 2016), aff'd, 692 F. App'x 51 (2d Cir. 2017) (taking judicial notice of government websites regarding licensing and accreditation and contents of the defendant's website where veracity and authenticity was not disputed); *Force v. Facebook, Inc.,* 934 F.3d 53, 59 n. 5 (2d Cir. 2019) (taking judicial notice of Facebook's terms "only for the limited purpose of setting forth Facebook's stated representations about its policies"); *Sinclair v. Ziff Davis, LLC*, 454 F. Supp. 3d

342, 344 n. 2 (S.D.N.Y. 2020) (taking judicial notice of Instagram's policy but not its "meaning")).[7] Here, by contrast, the random internet pages about Plaintiff Ayerdi have no relevance to any claim or defense in this action. *See* Exhibits B-C. Nor do the All Recipes user interface and policy (Exhibits D-E) that Zeta has failed to establish were used by any Plaintiff, and which do not relate to any defense that Zeta has actually attempted to substantiate. And, finally, while Plaintiffs agree Exhibit A is referenced in the FAC, Zeta cannot abuse the limits of judicial notice to advocate for a counter narrative to dispute the truth of Plaintiffs' allegations. No authority permits judicial notice to be used as a vehicle to contradict well-pled allegations.

## CONCLUSION

For the reasons set forth herein, the Court should deny Zeta's Request for Judicial Notice for Exhibits A through E.

Dated: February 19, 2026

Respectfully submitted,

By: /s/ *Amanda Fiorilla*
Amanda Fiorilla
Christian Levis
**LOWEY DANNENBERG, P.C.**
44 South Broadway, Suite 110
White Plains, New York 10601
Tel.: (914) 997-0500
Fac.: (914) 997-0035
*clevis@lowey.com*
*afiorilla@lowey.com*

Gary E. Mason

[7] *M.D. v. Google LLC*, No. 3:24-cv-06369, 2025 WL 2710095, at *3 (N.D. Cal. Sept. 23, 2025) is also distinguishable as, there, plaintiff noted at the hearing they did not object to the court's consideration of screenshots or webpages.

Danielle Perry (*Admitted Pro Hac Vice*)
**MASON LLP**
5335 Wisconsin Avenue N.W., Suite 640
Washington, DC. 20015
Tel.: (202) 429-2290
*gmason@masonllp.com*
*dperry@masonllp.com*

*Interim Co-Lead Class Counsel*

Blake Hunter Yagman
**SCHONBRUN SEPLOW HARRIS HOFFMAN & ZELDES LLP**
1330 Ave. of the Americas, Suite 23A
New York, New York 10019
Tel.: (929) 709-1493
*byagman@sshhzlaw.com*

*Interim Executive Committee Member*

Israel David
**ISRAEL DAVID LLC**
60 Broad Street, Suite 2900
New York, New York 10004
Tel.: (212) 350-8850
Fac.: (212) 350-8860
*israel.david@davidllc.com*

*Interim Executive Committee Member*

*Attorneys for Plaintiffs R.E.A., K.G., Diane Ayerdi, and the Putative Classes*

**CERTIFICATE OF COMPLIANCE**

As required by the United States District Court for the Southern District of New York Local Rule 7.1(c), I certify that the document contains 2,251 words, excluding the parts of the document that are exempted by the United States District Court for the Southern District of New York Local Rule 7.1(c). I declare under penalty of perjury that the foregoing is true and correct.

Dated: February 19, 2026 *_/s/ Amanda Fiorilla_________*