**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| DIANE AYERDI, R.E.A., and K.G., on behalf of themselves and others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ZETA GLOBAL HOLDINGS CORP., et al.,<br><br>Defendants. | Case No. 1:25-cv-5780-PAE<br><br>**REPLY MEMORANDUM IN SUPPORT OF ZETA'S REQUEST FOR JUDICIAL NOTICE** |

Pursuant to Local Rule 7.1, Defendants Zeta Global Corp. and Zeta Global Holdings Corp. (collectively "Defendants" or "Zeta") respectfully submit this Reply Memorandum in Further Support of Zeta's Request for Judicial Notice ("Request").

## ARGUMENT

Zeta's Request asks the Court to take judicial notice of five publicly accessible websites and records (ECF 49), certain of which were incorporated by reference into Plaintiffs' Consolidated Amended Complaint ("FAC"). As set forth below, Plaintiffs' Opposition to Zeta's Request ("Opposition" or "Opp.") does not support denial of the Request. Accordingly, the Court should judicially notice Exhibits A through E of the Declaration of Whitney M. Smith ("Exhibits").

***Exhibit A – Zeta's 2024 Form 10-K.*** Plaintiffs argue that Zeta "cannot use judicial notice to put forth a counter-factual narrative that is inconsistent with the FAC's allegations." (Opp. at 3.) Not so. Plaintiffs do not, and cannot, cite any authority that supports this position. *E.g.*, *Rothbein v. City of New York*, No. 1:18-cv-5106, 2019 WL 977878, at *2 (S.D.N.Y. Feb. 28, 2019) ("[A] court may…disregard allegations in a complaint that contradict or are inconsistent with

judicially-noticed facts") (quotations omitted); *In re Bayer Corp. Combination Aspirin Prods. Mktg. & Sales Pracs. Litig.*, 701 F. Supp. 2d 356, 367 (E.D.N.Y. 2010) (taking judicial notice of websites and explaining, "[a]lthough the purpose of a motion to dismiss is to test the legal sufficiency of a plaintiff's claims taking all the allegations as true and reading them in the light most favorable to the plaintiff, the court is not required to reason in a vacuum"); *In re Chantix (Varenicline) Mktg., Sale Prac. and Prods. Liab. Litig. (No. II)*, 735 F. Supp. 3d 352, 369 (S.D.N.Y. May 28, 2024) (courts are empowered to "disregard allegations in a complaint that contradict or are inconsistent with judicially-noticed facts") (quotations omitted). In any event, Zeta submitted Exhibit A to put forth the context of the statements that Plaintiffs rely upon, which is a short seller report, *i.e.*, an individual or entity with an interest in driving the price of Zeta's stock down. *U.S. v. Mota*, 155 F. Supp. 3d 461, 464 n. 1 (S.D.N.Y. 2016) (taking judicial notice "to provide context for the narrative").

Additionally, even if Exhibit A is not incorporated by reference in the FAC (it is) (Request at 2), "[c]ourts regularly take notice of…public disclosures required to be filed with the SEC." *Fernandez v. Zoni Language Ctrs., Inc.*, No. 1:15-cv-6066, 2016 WL 2903274, at *3 (S.D.N.Y. May 18, 2016); *U.S. v. Cognetta*, 18-CR-14, 2019 WL 4198544, at *3 (S.D.N.Y. Aug. 13, 2019). Therefore, Exhibit A can be judicially noticed.

***Exhibit B and C – Websites with Information About Plaintiff Ayerdi.*** As an initial matter, Plaintiffs argue that Exhibits B and C are irrelevant, because Zeta's Motion to Dismiss ("Motion") did not cite to them. This argument is easily dismissed, as these Exhibits were, in fact, cited and discussed in the Motion. (*See* ECF 44 at 5.)

Plaintiffs also argue that Exhibits B and C are not judicially noticeable because the publicly-available nature of the information at issue is not relevant. Plaintiffs cite no support for

this position, which is unsurprising, because the publicity—or privacy—of Plaintiffs' information is essential to their case. Plaintiffs themselves put data about themselves at issue, by suing Zeta for purported privacy harms that they claim results from Zeta's allegedly unlawful collection and use of such data. The fact that Plaintiff Ayerdi's information is neither personal nor private discredits Plaintiffs' claims.

Plaintiffs do not otherwise dispute the authenticity, nor the accuracy of Exhibits B and C and therefore concede that they are appropriate for judicial notice. *See Fernandez*, 2016 WL 2903274, at *3 ("Courts may also take judicial notice of information contained on websites where 'the authenticity of the site has not been questioned.'").

***Exhibit D – AllRecipes.com User Interface.*** Plaintiffs, again, concede that Exhibit D is judicially noticeable because they do not dispute its authenticity. *See id.* Otherwise, Plaintiffs argue that because Exhibit D was captured on January 5, 2026, "well after Plaintiff K.G. ever signed up for an All Recipes newsletter" (Opp. at 5), it is irrelevant. This ignores the FAC's own allegation that Plaintiff K.G. ***currently*** "has an application membership and subscription." (FAC ¶ 32.) AllRecipes.com's "current user interface" is relevant because Plaintiff K.G. alleges to be a current AllRecipes.com customer. (Opp. at 4.) Therefore, it is immaterial that Exhibit D was captured on January 5, 2026.

In any event, to support this point, Plaintiffs cite cases that are either inapposite or mischaracterized. *See Moore v. Maison Reed, Inc.*, No. 1:22-cv-115, 2023 WL 5097966, at *2 n. 3 (N.D.N.Y. Aug. 9, 2023) (taking judicial notice of websites because the authenticity of these exhibits were not disputed and declining to take judicial notice of an exhibit because it is "*far outside* the time period at issue in this case") (emphasis added); *Komatsu v. City of New York*, 20-cv-10942, 2021 WL 1590205 (S.D.N.Y. April 23, 2021) (declining to take judicial notice of case

law and "subjects that are unrelated" to a court's order); *Cabrera v. Dream Team Tavern Corp.*, No. 2:12-cv-6323, 2016 WL 1627621, at *1–2 (E.D.N.Y. April 22, 2016) (denying a renewed motion *in limine* in which defendants asked the court to notice facts from a hearing).

***Exhibit E – People Inc.'s Privacy Policy.*** Again, Plaintiffs do not challenge the authenticity of Exhibit E, which is publicly available and easily ascertainable. As explained above, Plaintiff K.G. is a current AllRecipes.com account holder, so this contemporaneous privacy policy is applicable to her ongoing use of the platform and relevant to her allegations against Zeta. Thus, Exhibit E is not, as Plaintiffs assert, a "random internet page," (Opp. at 7) but rather one that directly relates to Plaintiffs' allegations.

## CONCLUSION

Based on the foregoing, Zeta respectfully requests this Court to take judicial notice of the referenced websites and documents.

Dated: March 20, 2026
New York, New York

KELLEY DRYE & WARREN LLP
By: */s/ Whitney M. Smith*
Whitney M. Smith
Danielle J. Terracciano
3 World Trade Center
175 Greenwich Street
New York, NY 10007
Tel: (212) 808-7800
Fax: (212) 808-7897
wsmith@kelleydrye.com
dterracciano@kelleydrye.com

Lauri A. Mazzuchetti*
7 Giralda Farms, Ste. 340
Madison, NJ 07940
Tel: (973) 503-5900
Fax: (973) 503-5950
lmazzuchetti@kelleydrye.com
**pro hac vice forthcoming*

*Counsel for Defendants*