**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

DIANE AYERDI,

Plaintiff,

v.

ZETA GLOBAL HOLIDINGS CORP., *et al.*,

Defendants.

Case No.: 1:25-cv-05780 (PAE)

**DEFENDANT DOTDASH MEREDITH INC.'S**
**REPLY BRIEF IN SUPPORT OF ITS MOTION TO DISMISS**

Dated: March 20, 2026

By: /s/ *Aaron S. Weiss*

Aaron S. Weiss
Email: aweiss@carltonfields.com
Michael Margulies
Email: mmargulies@carltonfields.com
Carlton Fields, P.A
730 Third Avenue, 19th Floor
New York, New York 10017
Telephone: 212-785-2577

*Attorney for Defendant Dotdash Meredith Inc.*

## TABLE OF CONTENTS

**Page**

**I. Introduction** .......... **4**

**II. A Brand New Decision In Dotdash's Favor** .......... **4**

**III. Argument** .......... **5**

**A.** Plaintiffs Lack Article III Standing .......... **5**

B. Plaintiffs' California-Based Claims Are Barred By New York Law .......... **5**

C. Plaintiffs Fail To Plead A Claim Under N.Y. General Business Law .......... **7**

D. Plaintiffs Fail To Plead a Claim Under the California Unfair Competition Law .......... **8**

E. Plaintiffs' Claim Under California's Invasion Of Privacy Act Fails to State a Cause of Action .......... **8**

F. Plaintiffs Do Not Sufficiently Plead A Claim Under the California Comprehensive Computer Data Access and Fraud Act .......... **10**

G. Plaintiffs Fail to Plead a Violation of the Right To Privacy Under The California Constitution .......... **11**

H. Plaintiffs Fail To Plead A Claim For Unjust Enrichment .......... **12**

I. Plaintiffs Fail To Plead A Claim For Declaratory Relief .......... **13**

**IV. Conclusion** .......... **13**

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Adam v. CaringBridge, Inc.*,
2025 WL 3493565 (N.D. Cal. Dec. 5, 2025) ... 3

*AHW Inv. P'ship, MFS, Inc. v. Citigroup Inc.*,
661 F. App'x 2 (2d Cir. 2016) ... 4

*Bellumini v. Citigroup, Inc.*,
2013 WL 3855589 (N.D. Cal. July 24, 2013) ... 8

*Boelter v. Hearst Communications, Inc.*,
192 F. Supp. 3d 427 (S.D.N.Y. 2016) ... 10

*Brown v. Google LLC*,
525 F. Supp. 3d 1049 (N.D. Cal. 2021) ... 8, 9

*Cappello v. Walmart Inc.*,
2019 WL 11687705 (N.D. Cal. Apr. 5, 2019) ... 5

*Cody v. Ring LLC*,
718 F. Supp. 3d 993 (N.D. Cal. 2024) ... 7

*Cohen v. Casper Sleep Inc.*,
2018 WL 3392877 (S.D.N.Y. Jul. 12, 2018) ... 4

*Doe I v. Google LLC*,
741 F. Supp. 3d 828 (N.D. Cal. 2024) ... 5, 8

*Epstein v. Epstein*,
843 F. 3d 1147 (7th Cir. 2016) ... 3

*In re Facebook, Inc., Consumer Priv. User Profile Litig.*,
402 F. Supp. 3d 767 (N.D. Cal. 2019) ... 10

*Frasco v. Flo Health, Inc.*,
349 F.R.D. 557 (N.D. Cal. 2025) ... 3

*In re Google Assistant Priv. Litig.*,
457 F. Supp. 3d 797 (N.D. Cal. 2020) ... 7

*Hammerling v. Google LLC*,
2022 WL 17365255 (N.D. Cal. Dec. 1, 2022) ... 10

*Ji v. Naver Corp.*,
2022 WL 4624898 (N.D. Cal. Sept. 30, 2022) ... 9

*Jofen v. Epoch Biosciences, Inc.*,
2002 WL 1461351 (S.D.N.Y. July 8, 2002) ........ 9

*Joiner v. NHL Enters., Inc.*,
2025 WL 2846431 (S.D.N.Y. Aug. 29, 2025) ........ 4

*Jones v. Tonal Sys., Inc.*,
751 F. Supp. 3d 1025 (S.D. Cal. 2024) ........ 6, 7

*Lesh v. Cable News Network, Inc.*,
767 F. Supp. 3d 33 (S.D.N.Y. 2025) ........ 3

*Liau v. Weee! Inc.*,
2024 WL 729259 (S.D.N.Y. Feb. 22, 2024) (Engelmayer, J.) ........ 2

*Low v. LinkedIn Corp.*,
900 F. Supp. 2d 1010 (N.D. Cal. 2012) ........ 9

*Maghoney v. Dotdash Meredith, Inc.*,
2026 WL 497402 (S.D. Cal. Feb. 23, 2026) ........ 1

*Martin v. Meredith Corp.*,
657 F. Supp. 3d 277 (S.D.N.Y. 2023) ........ 5

*McDonald v. Kiloo ApS*,
385 F. Supp. 3d 1022 (N.D. Cal. 2019) ........ 5

*In re Meta Pixel Healthcare Litig.*,
647 F. Supp. 3d 778 (N.D. Cal. 2022) ........ 9

*In re Mid–Island Hosp., Inc.*,
276 F.3d 123 (2d Cir. 2002) ........ 9

*Mount v. PulsePoint, Inc.*,
2016 WL 5080131 (S.D.N.Y. Aug. 17, 2016) ........ 5

*Mount v. PulsePoint, Inc.*,
684 F. App'x 32 (2d Cir. 2017) ........ 4, 5

*N.Z. v. Fenix Int'l Ltd.*,
2025 WL 3627591 (C.D. Cal. Dec. 12, 2025) ........ 8

*Pattison v. Teladoc Health, Inc.*,
2025 WL 1756364 (S.D.N.Y. June 25, 2025) ........ 3

*Popa v. Harriet Carter Gifts, Inc.*,
52 F.4th 121 (3d Cir. 2022) ........ 3

*Rodriguez v. Google LLC*,
2022 WL 214552 (N.D. Cal. Jan. 25, 2022) ........ 6

*Rodriguez v. It's Just Lunch, Int'l*,
300 F.R.D. 125 (S.D.N.Y. 2014) ........................................................................3

*Shah v. Cap. One Fin. Corp.*,
768 F. Supp. 3d 1033 (N.D. Cal. 2025)..................................................................8

*TD Auto Fin. LLC v. Cnty. of Putnam*,
2023 WL 6295116 (S.D.N.Y. Sept. 27, 2023)........................................................10

*Van Patten v. Vertical Fitness Grp. LLC*,
847 F. 3d 1037 (9th Cir. 2017) ..............................................................................5

*Xu v. Reuters News & Media Inc.*,
2025 WL 488501 (S.D.N.Y. Feb. 13, 2025) (Engelmayer, J.) ...............................2

*In re Yahoo Mail Litig.*,
7 F. Supp. 3d 1016 (N.D. Cal. 2014)......................................................................8

*Yoon v. Lululemon USA, Inc.*,
549 F. Supp. 3d 1073 (C.D. Cal. 2021)...............................................................6, 9

**Statutes**

Cal. Penal Code § 502(a)...........................................................................................7

California Comprehensive Computer Data Access and Fraud Act ........................7, 8

California Unfair Competition Law...........................................................................5

Declaratory Judgement act ......................................................................................10

Declaratory Judgment Act........................................................................................10

N.Y. General Business Law ......................................................................................4

N.Y. General Business Law § 349's...........................................................................4

Privacy Act ...........................................................................................................5, 7

Unfair Competition Law ...........................................................................................5

Violation of the California Invasion of Privacy Act, Invasion of Privacy under the
California Constitution, and Violation of the California Computer Data
Access and Fraud Act...............................................................................................1

**Other Authorities**

California Constitution..............................................................................................8

California's Invasion of Privacy Act..........................................................................6

## I. Introduction

Plaintiffs' Opposition reads like an effort to rewrite the allegations of the First Amended Complaint in order to fit the type of information collected through Zeta's LiveIntent tracking software into Plaintiffs' claims. In any event, Plaintiffs still have failed to demonstrate a sufficient privacy interest and corresponding injuries, and have otherwise failed to justify their claims on standing and choice of law grounds. Plaintiffs' First Amended Complaint should be dismissed.

## II. A Brand New Decision In Dotdash's Favor

Before jumping into a discussion of Plaintiff's Opposition, Dotdash draws the Court's attention to a decision related decided in its favor in a similar case involving the alleged interception of data using tracking technology that included, like here, claims for Violation of the California Invasion of Privacy Act, Invasion of Privacy under the California Constitution, and Violation of the California Computer Data Access and Fraud Act: *Maghoney v. Dotdash Meredith, Inc*., 2026 WL 497402 (S.D. Cal. Feb. 23, 2026). The *Maghoney* decision was issued after Dotdash's and Plaintiffs' opening briefs here, so it was, of course, not previously cited. However, the decision addressed arguments that Dotdash's raised in both cases and Plaintiffs here had an ample opportunity to address those arguments in their Opposition.

In *Maghoney*, the court determined, in relevant part, that the plaintiff did not have a legally protectable privacy interest in the health related searches (he was searching for information regarding genital warts) made on one of Dotdash's websites involving health-related information (more sensitive than the information in this case), where the searches were not directly linked to plaintiff's personally identifiable information, but rather, were at most "associated with an IP address and other metadata, which does not automatically qualify as personally identifiable information." *Id.* at *5. Dotdash urges this Court to adopt the same reasoning here and reach the same result: dismiss the case for lack of Article III standing.

## III. Argument

### A. Plaintiffs Lack Article III Standing

Plaintiffs contend that they have sufficiently alleged Article III standing because Dotdash allegedly facilitated the interception and use of their personal, identifiable data, including "email addresses, IP addresses, device and user identifiers, and the full name of the articles and other content viewed by Plaintiffs." Opp. at 4. But simply alleging that the type of information allegedly collected is personally identifiable to the Plaintiffs does not make it so. This Court has held that the unauthorized disclosure of analogous "relatively quotidian private information" like email addresses and device information does not constitute an injury in fact for purposes of standing. *Liau v. Weee! Inc.*, 2024 WL 729259, at *5 (S.D.N.Y. Feb. 22, 2024) (Engelmayer, J.) (leak of "relatively quotidian private information"—"customers' names, email addresses, and phone numbers, but not payment data or passwords"—did not give rise to a concrete harm).

Though Plaintiffs argue that *Liau* and other cases Dotdash relies upon are inapposite because they involve data breaches rather than tracking software, this Court utilized the analysis applied in these data breach cases in a case that *did* involve tracking software, *Xu v. Reuters News & Media Inc.*, 2025 WL 488501 (S.D.N.Y. Feb. 13, 2025) (Engelmayer, J.), including, for purposes of standing, finding instructive the fact that the complaint failed to allege that the defendant "collected sensitive or personally identifying information or data that could be used to steal [Plaintiffs'] identity or inflict similar harm." *Id.* at *3. Plaintiffs do not refute the notion that the type of information at issue here went beyond "relatively quotidian private information" or that it was capable of being used to steal Plaintiffs' identity or inflict other similar harm.

### B. Plaintiffs' California-Based Claims Are Barred By New York Law

According to the First Amended Complaint, "a substantial part of the events and conduct giving rise to Plaintiffs' claims occurred in New York, including Defendants' interception and use of Plaintiffs' PII." Compl. ¶ 22. Notwithstanding their own allegations, Plaintiffs now argue in their Opposition that "the location of the tort (i.e., the unlawful interception) and the location of the injury (i.e., privacy harms) both occur[ed] within California." Opp. at 6.

As the forum state, New York's choice-of-law rules govern here. *See, e.g., Rodriguez v. It's Just Lunch, Int'l*, 300 F.R.D. 125, 135 (S.D.N.Y. 2014). The case law Plaintiffs rely upon in their Opposition are California, Third Circuit and Seventh Circuit cases that do not apply New York's choice-of-law principles. *See, e.g., Frasco v. Flo Health, Inc.*, 349 F.R.D. 557 (N.D. Cal. 2025); *Adam v. CaringBridge, Inc.*, 2025 WL 3493565 (N.D. Cal. Dec. 5, 2025); *Popa v. Harriet Carter Gifts, Inc.*, 52 F.4th 121 (3d Cir. 2022); *Epstein v. Epstein*, 843 F. 3d 1147 (7th Cir. 2016). The only New York cases cited also do not apply New York's choice-of-law analysis. *See, e.g., Pattison v. Teladoc Health, Inc.*, 2025 WL 1756364 (S.D.N.Y. June 25, 2025); *Lesh v. Cable News Network, Inc.*, 767 F. Supp. 3d 33 (S.D.N.Y. 2025).[1]

Put simply, even if Plaintiffs are correct that the actual interception took place wherever Plaintiffs accessed Dotdash's websites and emails, "the Second Circuit, applying New York law, has decisively rejected the view 'that the law of the place of injury ordinarily or always governs where conduct-regulating rules are involved,' holding instead that where the defendant's wrongful conduct and the plaintiff's injuries occur in different states, 'it is the place of the allegedly wrongful

---

[1] *Pattison* and *Cable News Network,* like this case, also involved claims under both New York and non-New York law, brought by at least some non-New York plaintiffs against a New York based defendant. In *Pattison*, the defendant did not make a New York choice-of-law argument. *See* S.D.N.Y. Case No. 23-cv-11305, at ECF No. 1, ¶§ 37-41 and ECF Nos. 30 and 31. And in *Cable News Network*, the defendant made a different type of choice of law argument that was based on terms of service.

conduct that generally has superior interests' in applying its law." *Joiner v. NHL Enters., Inc.*, 2025 WL 2846431, at *12 (S.D.N.Y. Aug. 29, 2025) (quoting *Licci v. Lebanese Canadian Bank, SAL*, 739 F.3d 45, 50–51 (2d Cir. 2013)). Here, the allegedly wrongful conduct, Dotdash's alleged use of Zeta's LiveIntent pixel tracking technology, occurred in New York.[2]

### C. Plaintiffs Fail To Plead A Claim Under N.Y. General Business Law

Plaintiffs' Opposition does not refute Dotdash's case law that "[N.Y. General Business Law] § 349 injury has been recognized only where *confidential*, individually identifiable information—such as medical records or a Social Security number—is collected without the individual's knowledge or consent." *Mount v. PulsePoint, Inc.*, 684 F. App'x 32, 35 (2d Cir. 2017) (emphasis added). Instead, Plaintiffs' arguments are premised on the assumption that the information at issue is, in fact, confidential, even when the case law has determined the opposite. *See id.* (alleged collection of user web-browsing data absent allegations that confidential, individually identifiable information was collected, is not a cognizable § 349 injury); *see also Cohen v. Casper Sleep Inc.*, 2018 WL 3392877, at *7 (S.D.N.Y. Jul. 12, 2018) (allegations of "a general invasion of privacy" without allegations that "any exposed information was particularly sensitive or that it was exposed for any reason other than marketing" do not meet N.Y. General Business Law § 349's injury requirement) (quotations omitted).

*Mount* involved the "placement of tracking cookies on plaintiffs' computers in order to gather information about their internet use." 684 F. App'x at 34. In *Mount*, the Second Circuit observed that held that "no New York Court … has ever construed § 349 to reach the privacy

[2] Plaintiffs also argue, without any case law support, that New York choice of law rules are not applicable, or that Dotdash's choice of law argument is premature and requires further discovery, because the individuals identified in Dotdash and Zetas' Initial Disclosures as having knowledge allegedly do not reside in New York. But as the case law recited in Dotdash's Motion indicates, it is the location of Dotdash and Zetas' headquarters that matters for choice of law purposes, and not the location of any of Dotdash or Zeta's individual employees. *See, e.g.*, *Joiner*, 2025 WL 2846431, at *11–12; *AHW Inv. P'ship, MFS, Inc. v. Citigroup Inc.*, 661 F. App'x 2, 5 (2d Cir. 2016) (applying New York law where "the allegedly wrongful conduct … took place in New York, where [defendant] had its headquarters").

invasion alleged," and thus affirmed a decision issued by Judge Buchwald dismissing such a claim. *Id.* at 35 (affirming *Mount v. PulsePoint, Inc.*, 2016 WL 5080131 (S.D.N.Y. Aug. 17, 2016).[3]

**D. Plaintiffs Fail To Plead a Claim Under the California Unfair Competition Law**

The economic injury requirement is "more restrictive than federal injury in fact because it encompasses fewer kinds of injuries." *Van Patten v. Vertical Fitness Grp. LLC*, 847 F. 3d 1037, 1048 (9th Cir. 2017) (citations omitted). "Plaintiffs must allege more than a loss of personal information to establish standing under the [Unfair Competition Law]." *Cappello v. Walmart Inc.*, 2019 WL 11687705, at *4 (N.D. Cal. Apr. 5, 2019). Here, Plaintiffs have failed to do so, and their Opposition does not show otherwise.

"[S]imply because a plaintiff's information is valuable in the abstract, and simply because a company might have made money from it, that does not mean that the plaintiff has lost money or property as a result." *Doe I v. Google LLC*, 741 F. Supp. 3d 828, 845 (N.D. Cal. 2024) (cleaned-up). Courts in this District have found that, where "Plaintiff's injury consists solely of the alleged disclosure of private information" there is no standing to bring a[n Unfair Competition Law] claim because "[t]his is not lost money or property." *Martin v. Meredith Corp.*, 657 F. Supp. 3d 277, 286–87 (S.D.N.Y. 2023).

**E. Plaintiffs' Claim Under California's Invasion Of Privacy Act Fails to State a Cause of Action**

Plaintiffs' claim for aiding and abetting a violation of California's Invasion of Privacy Act claim fails because none of the four clauses of Section 631(a) have been violated here. Indeed, Plaintiffs have conceded in their Opposition that the first clause of Section 631(a) does not apply.

[3] Plaintiffs' reliance on *McDonald v. Kiloo ApS*, 385 F. Supp. 3d 1022, 1038 (N.D. Cal. 2019) is misplaced. There, the plaintiff alleged that "defendants collected and used personal data … identifiable or associable with specific, individual child users, [wa]s as persistent as a social security number, and c[ould] be used to track, profile, and target children across multiple devices[.]" *Id.* This is "much broader and deeper tracking that the mere collection of web browsing history" or "email address[es], campaign identifiers, [] device and client information, and unique impression IDs"—as alleged in the First Amended Complaint. *Id.*; Compl. ¶¶ 104; 109; 115.

As Dotdash noted in its Motion, the second clause is only violated where a third party "reads, or attempts to read, or to learn *the contents* or meaning of any message, report, or communication *while the same is in transit*." *Jones v. Tonal Sys., Inc.*, 751 F. Supp. 3d 1025, 1032 (S.D. Cal. 2024) (emphasis added).

Here, Plaintiffs' mischaracterize the type of information that Zeta's LiveIntent pixel allegedly collected. While some cases have found that "email content" and "URLs containing search terms" are content for wiretapping statutes, Plaintiffs' First Amended Complaint does not contain any allegations that any email *content* (as in, the actual "words of a text message or an email") or URLs containing search terms were intercepted. *Yoon v. Lululemon USA, Inc.*, 549 F. Supp. 3d 1073, 1083 (C.D. Cal. 2021). To the contrary, Plaintiffs allege that Zeta intercepts "full-string URLs reflecting the precise articles viewed" (not search terms) "and other user activity, both from the People.com website and in [Plaintiffs'] private emails." Opp. at 18; Compl. ¶¶ 101–116.

In line with *Yoon*, this type of information is not "content" under California's Invasion of Privacy Act. *Yoon*, 549 F. Supp. 3d at 1082–83 ("browsing data" including "pages viewed, [] shipping and billing information … Plaintiff's IP address, her location at the time of the visit, her browser type, and the operating system on her device" are not "content" under 631(a)).

While this ends the inquiry under the second clause, Plaintiffs also have not sufficiently alleged that the contents were read or learned while in transit. Again, Plaintiffs' summary allegations that "Zeta willfully, and without consent, read, or attempted to read, or learn the contents and meaning of Plaintiffs' and California Class members' communications … while those communications where in transit …." Compl. ¶ 193, are insufficient. *See Rodriguez v. Google LLC,* 2022 WL 214552, at *2 (N.D. Cal. Jan. 25, 2022) ("Using the word 'intercept' repeatedly is simply

not enough without the addition of specific facts that make it plausible [the software company] is intercepting the data in transit.").

Plaintiffs allege that Dotdash relies on caselaw where communications were intercepted only after the transmission was complete, and that in turn, Dotdash's case law is insufficient. This argument sheds light on the deficiencies in the First Amended Complaint: "Plaintiffs do not sufficiently allege *how* the messages were intercepted, and thereby do not provide fair notice to Defendant of their alleged violation." *Jones v. Tonal Sys., Inc.*, 751 F. Supp. 3d 1025, 1037 (S.D. Cal. 2024) ("The Complaint contains averments that customer chats were "intercepted in real time", but these amount to conclusory statements below the *Twombly* and *Iqbal* plausibility threshold.") (dismissing CIPA claim under second clause).

Because Plaintiffs fail to state a claim under the "first or second clauses, [they have] also failed to plead a violation of the third clause." *See, e.g., Cody v. Ring LLC*, 718 F. Supp. 3d 993, 1003 (N.D. Cal. 2024); *see also In re Google Assistant Priv. Litig.*, 457 F. Supp. 3d 797, 822 (N.D. Cal. 2020). Moreover, regarding the fourth clause, Plaintiffs fail to refute that argument that Dotdash had knowledge that Zeta would use the information collected *in a manner that violates California's Invasion of Privacy Act*.

### F. Plaintiffs Do Not Sufficiently Plead A Claim Under the California Comprehensive Computer Data Access and Fraud Act

The California Comprehensive Computer Data Access and Fraud Act is designed to prevent "tampering, interference, damage, and unauthorized access" to "computer data and computer systems." Cal. Penal Code § 502(a). Whether this is called hacking, or something else, at its core, the Act is designed to prevent some kind of tampering or unauthorized access to a computer system. Plaintiffs do not allege any tampering, interference, damage, or unauthorized access.

Plaintiffs attempt to evade the plain language of the statute by suggesting that Plaintiffs' failure to allege that Dotdash circumvented technical barriers is not a basis for dismissal. Notwithstanding Plaintiffs' assertions, even in the past six months, courts have dismissed claims under the California Comprehensive Computer Data Access and Fraud Act on these grounds. *See, e.g., N.Z. v. Fenix Int'l Ltd.*, 2025 WL 3627591, at *14 (C.D. Cal. Dec. 12, 2025).

Plaintiffs' failure to include such allegations in the First Amended Complaint is a proper basis for dismissal. At best, Plaintiffs argue in their Opposition that use of allegedly hidden technology satisfies the technical or code-based barrier requirement. But the one case Plaintiffs rely on, *Brown v. Google LLC*, 525 F. Supp. 3d 1049 (N.D. Cal. 2021), is inapplicable because the case involved the collection of data while users were in *private browsing mode*. *Id*. at 1055. The court upheld the California Comprehensive Computer Data Access and Fraud Act claim in part because, given the plaintiffs' use of private browsing mode, the plaintiffs sufficiently alleged that defendants rendered "any technical or code based barrier implemented *by the Plaintiffs* ineffective." *Id*. at 1075 (citations and quotations omitted) (emphasis added). Here, the Plaintiffs have not alleged that they used private browsing mode or otherwise implemented any barriers.

Regarding standing, under *Shah v. Cap. One Fin. Corp.*, 768 F. Supp. 3d 1033 (N.D. Cal. 2025), Plaintiffs fail to allege they suffered damage or loss. *Id*. at 1047. And, while Plaintiffs claim that depletion of device resources is sufficient for standing under the act, without more, such allegations are not sufficient. *See Doe I v. Google LLC*, 741 F. Supp. 3d 828, 846 (N.D. Cal. 2024).

### G. Plaintiffs Fail to Plead a Violation of the Right To Privacy Under The California Constitution

The "California Constitution … set[s] a high bar for an invasion of privacy claim." *Bellumini v. Citigroup, Inc.*, 2013 WL 3855589, at *6 (N.D. Cal. July 24, 2013); *In re Yahoo Mail Litig.*, 7 F. Supp. 3d 1016, 1038 (N.D. Cal. 2014). Plaintiffs' cases fail to demonstrate that this bar

is met under the circumstances. In *Brown*, the court found that there was a reasonable expectation of privacy in data about web-browsing activities generated while in private or incognito mode. *Id*. at 941. A user would, presumably, expect *privacy* when electing to browse in *private mode*. And *In re Meta Pixel Healthcare Litig.*, 647 F. Supp. 3d 778 (N.D. Cal. 2022) involved users' healthcare information, which, as the court noted, is sensitive information. *See id.* at 783.

According to the First Amended Complaint, Zeta's LiveIntent pixel purportedly collected Plaintiffs' "email address[es], campaign identifiers, [] device and client information, and unique impression IDs" along with the full name of the article and other content viewed by Plaintiff Ayerdi, as well as several cookies used to identify her on the website and other metadata." Compl. at ¶¶ 104; 109; 115. While Plaintiffs' Opposition tries to persuade the Court that the information allegedly collected is more expansive than it actually is, as the cases Dotdash cited demonstrate, Plaintiffs do not have a reasonable expectation of privacy in this type of information. *See, e.g., Yoon*, 549 F. Supp. 3d at 1086; *Low v. LinkedIn Corp.*, 900 F. Supp. 2d 1010, 1025 (N.D. Cal. 2012); and, *Ji v. Naver Corp.*, 2022 WL 4624898, at *7 (N.D. Cal. Sept. 30, 2022).

### H. Plaintiffs Fail To Plead A Claim For Unjust Enrichment

Plaintiffs do not establish that Dotdash unjustly retained a benefit at Plaintiffs' expense, as required to state a claim for unjust enrichment under New York law. *See, e.g., In re Mid–Island Hosp., Inc.,* 276 F.3d 123, 129–30 (2d Cir. 2002); *Jofen v. Epoch Biosciences, Inc.*, 2002 WL 1461351, at *9 (S.D.N.Y. July 8, 2002). While Plaintiffs cite *Kane v. Univ. of Rochester*, that case actually *supports* Dotdash's argument. In *Kane*, like in this case, the plaintiff alleged that the defendant was enriched "in the form of enhanced advertising services and more cost-efficient marketing on Facebook." 2024 WL 1178340, at *15 (W.D.N.Y. Mar. 19, 2024); Compl. ¶¶ 27, 29, 34, 36, 41, 43; 269. The court concluded that "[w]ithout more robust factual allegations, the alleged diminution in value of Plaintiff's Private Information is insufficient to plausibly plead that

Defendant's unjust enrichment was at Plaintiffs' expense." *Id.* Although the unjust enrichment claim was ultimately permitted to proceed, it was for reasons not applicable here: that Plaintiffs alleged they lost the benefit of their bargain because they "paid Defendant for services that they would not have had they known about Defendant's disclosure of their Private Information." *Id.* Here, there were no services paid for by Plaintiffs.

And the other case Plaintiffs cite, *Boelter v. Hearst Communications, Inc.*, 192 F. Supp. 3d 427 (S.D.N.Y. 2016), is inapposite because it is based on Michigan law rather than New York law. At any rate, like *Kane*, *Boelter* also involved paid-for subscriptions. *Id.* at 455. And *In re Facebook, Inc., Consumer Priv. User Profile Litig.*, 402 F. Supp. 3d 767, 803 (N.D. Cal. 2019) applies California rather than New York law.

**I. Plaintiffs Fail To Plead A Claim For Declaratory Relief**

"The Declaratory Judgment Act is procedural only … and does not create an independent cause of action." *TD Auto Fin. LLC v. Cnty. of Putnam*, 2023 WL 6295116, at *13 (S.D.N.Y. Sept. 27, 2023) (cleaned up). Plaintiffs' opposition ignores this general principle and instead argues that Plaintiffs' claim for Declaratory Relief must stand because, even though the relief is duplicative as to the California-based claims, those claims are only brought on behalf of the California subclass, not the nationwide class. Plaintiffs' argument does not avoid the fact that there is duplicative relief sought in their Declaratory Relief claim. And Plaintiffs' argument is contrary to the principle that the Declaratory Judgement act does not create an independent cause of action. Moreover, to the extent that this Court dismisses the underlying claims, there would be no basis for declaratory relief. *See, e.g., Hammerling v. Google LLC*, 2022 WL 17365255 (N.D. Cal. Dec. 1, 2022).

**IV. Conclusion**

For the foregoing reasons, the Court should dismiss the First Amended Complaint against Dotdash in its entirety.

Dated: March 20, 2026

By: */s/ Aaron S. Weiss*

Aaron S. Weiss
Email: aweiss@carltonfields.com
Michael Margulies
Email: mmargulies@carltonfields.com
Carlton Fields, P.A
730 Third Avenue, 19th Floor
New York, New York 10017
Telephone: 212-785-2577

*Attorney for Defendant Dotdash Meredith Inc.*

## CERTIFICATE OF SERVICE

It is hereby certified that, on this March 20, 2026, this document, filed through the CM/ECF system, will be served electronically to the registered participants on the Notice of Electronic Filing and paper copies will be sent to any non-registered participants.

/s/ *Aaron S. Weiss*
Aaron S. Weiss