**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

IN RE ZETA GLOBAL DATA PRIVACY LITIGATION

Case No. 1:25-cv-05780-PAE

THIS DOCUMENT RELATES TO:

*All Cases*
1:25-cv-05780-PAE
1:25-cv-05823-PAE

**PLAINTIFFS' SUR-REPLY IN FURTHER OPPOSITION TO DEFENDANT DOTDASH MEREDITH INC.'S MOTION TO DISMISS**

Dotdash Meredith Inc.'s ("Dotdash") reliance on *Maghoney v. Dotdash Meredith, Inc.*, No. 24-cv-2394, 2026 WL 497402 (S.D. Cal. Feb. 23, 2026) changes nothing. While the *Maghoney* decision names Dotdash as a defendant, the similarities end there. That case involves a different website, a different third party separate from Defendant Zeta Global Holdings Corp. ("Zeta"), and the transmission of different data for different purposes. These stark and material differences, described further herein, confirm that *Maghoney* is inapposite to Plaintiffs' allegations here and thus does not change that Plaintiffs allege a concrete privacy harm (among others) sufficient to demonstrate Article III standing. *See* ECF No. 59 at 4-6.

The *Maghoney* case alleges Dotdash shared individuals' browsing activity alongside IP addresses with third parties like Google from one Dotdash web property, www.verywell.com. *Maghoney*, 2026 WL 497402, at *1-2. The court found that those plaintiffs failed to establish Article III standing because they did not allege their data was "directly linked to [their] name or other personally identifiable information" like emails, telephone numbers, or "other personal identifiers" but solely IP addresses and "other metadata." *See id.* at *5. The exact opposite is true

here. *See* First Amended Consolidated Class Action Complaint, ECF No. 35 ¶ 77 (explaining the data Zeta maintains includes persistent IDs, email addresses, postal addresses, IP addresses, and phone numbers); ¶ 109 (explaining Dotdash disclosed email addresses and other device information to Zeta, which is added to Zeta's user profiles). In light of the *Maghoney* court's concerns over identifiability—which are not present here—the reasoning in that decision does not apply and *Maghoney* does not change that Plaintiffs here have Article III standing.

Dated: March 27, 2026

Respectfully submitted,

By: */s/ Amanda Fiorilla*
Christian Levis
Amanda Fiorilla
**LOWEY DANNENBERG, P.C.**
44 South Broadway, Suite 110
White Plains, New York 10601
Tel.: (914) 997-0500
Fac.: (914) 997-0035
*clevis@lowey.com*
*afiorilla@lowey.com*

Gary E. Mason
Danielle Perry (*Admitted Pro Hac Vice*)
**MASON LLP**
5335 Wisconsin Avenue N.W., Suite 640
Washington, DC. 20015
Tel.: (202) 429-2290
*gmason@masonllp.com*
*dperry@masonllp.com*

*Interim Co-Lead Class Counsel*

Blake Hunter Yagman
**YAGMAN PLLC**
1050 30th St. NW
Washington, D.C. 20007
Blake.Yagman@YAGMANPLLC.com
929-709-1493

*Interim Executive Committee Member*

Israel David
**ISRAEL DAVID LLC**
60 Broad Street, Suite 2900
New York, New York 10004
Tel.: (212) 350-8850
Fac.: (212) 350-8860
*israel.david@davidllc.com*

*Interim Executive Committee Member*

*Attorneys for Plaintiffs R.E.A., K.G., Diane Ayerdi, and the Putative Classes*