MASON & PERRY
ATTORNEYS AT LAW

5335 Wisconsin Ave. NW, Suite 640, Washington D.C. 20015 | 202.429.2290 | masonllp.com

April 15, 2026

**VIA ECF**

Hon. Paul A. Engelmayer
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

Re: *In re Zeta Global Data Privacy Litig.*, No. 1:25-cv-05780-PAE (S.D.N.Y.)

Dear Judge Engelmayer:

Plaintiffs R.E.A., K.G., and Diane Ayerdi (collectively "Plaintiffs") write to provide you Notice of Supplemental Authority regarding *D'Antonio v. Cable News Network, Inc.*, No. 24 CV 3132 (VM), 2026 WL 960032 (S.D.N.Y. Apr. 9, 2026), attached hereto as Exhibit A. As discussed below, the facts and law at issue in *D'Antonio* are similar to those alleged in Plaintiffs' First Amended Complaint ("FAC") (ECF No. 35) and the arguments presented by defendant Cable News Network ("CNN") in *D'Antonio* mirror many of the arguments presented by Defendants Zeta Global Corporation and Zeta Global Holdings Corp. (collectively "Zeta") and DotDash Meredith, Inc. ("DotDash") (collectively "Defendants") in their respective Memoranda in Support of their Motions to Dismiss. *See* ECF No. 44 ("Zeta Motion"); ECF No. 49 ("DotDash Motion").

In *D'Antonio,* the plaintiff brought a putative class action alleging that CNN "caused third party trackers to be installed on CNN.com visitors' internet browsers." *D'Antonio*, 2026 WL 960032, at *1. The *D'Antonio* plaintiff asserted that the third party trackers on CNN.com intercepted data including IP addresses, device identifiers, device type, browser type, and other metadata. *Id.* The plaintiff also alleged this information was "combine[d]" with "information about users' hobbies, interests, and attributes", and used by CNN and third parties to create "user profiles", "de-anonymize" individuals, and "target Website users." *Id.*

This is similar to Plaintiffs' allegations here that Zeta and DotDash "embedd[ed] Zeta's technology on [DotDash's] website and in email correspondence."[1] FAC ¶ 195. Plaintiffs allege

[1] This is just *one* example of the web properties from which Zeta intercepts consumers' private, identifiable data.

this technology was used to intercept in real time Plaintiffs' and Class Members' IP addresses, email addresses, and other unique identifiers (*id.* ¶ 109), so that Zeta could create (or supplement existing) identifiable user profiles it maintains on consumers. S*ee, e.g.*, *id.* ¶¶ 6, 115. Like in *D'Antonio*, Plaintiffs allege these enriched profiles are made available to advertisers for a price, so they can deliver targeted advertisements. *See, e.g.*, *id*. ¶¶ 6, 57.

Plaintiffs here, and the *D'Antonio* plaintiff, allege that this type of conduct violated the California Invasion of Privacy Act ("CIPA"), Cal. Penal Code § 638.51. *See D'Antonio*, 2026 WL 960032, at *1; FAC ¶¶ 187–98. The *D'Antonio* decision addressed: (1) whether plaintiff had standing; and (2) whether these allegations were sufficient to allege a CIPA § 638.51 claim.

***Standing.*** CNN argued that the *D'Antonio* plaintiff failed to identify a "traditionally recognized harm" sufficient to confer Article III standing. *D'Antonio*, 2026 WL 960032, at *3–6. Both Zeta and DotDash also make this argument. *See* Zeta Motion at 7; DotDash Motion at 8. After reviewing the allegations and a host of related authority, the *D'Antonio* Court rejected this argument, holding that the plaintiff "sufficiently pleaded a violation of a privacy interest bearing a 'close relationship'" to intrusion upon seclusion. *D'Antonio*, 2026 WL 960032, at *5. Particularly important to the Court were the allegations regarding: (1) how individuals are "uniquely identifi[ed]"; (2) the defendant's development or use of "comprehensive profiles; (3) the "shar[ing]" of these profiles with other entities; and (4) the "sale" of these profiles through "real-time bidding." *Id*. Plaintiffs allege the same in the FAC. *See* FAC ¶¶ 76–82 (explaining consumers are individually identifiable through a range of identifiers used by Zeta and Zeta's identity graph); ¶¶ 80–85 (describing the data in Zeta's user profiles, which include up to "2,500 different identifiable data points"); ¶ 73 (explaining Zeta shared this data with an "untold number of partners" including ad exchanges and supply-side platforms); ¶ 6 (explaining these profiles are made available to advertisers through real-time bidding).

***Cal. Penal Code § 638.51.*** CNN argued that the *D'Antonio* plaintiff's CIPA § 638.51 claim failed because CNN's trackers do not fall within this provision's definition of "pen register" and, separately, because the trackers collected the "contents of a communication" and are therefore not subject to CIPA § 638.51. *D'Antonio*, 2026 WL 960032, at *6. Zeta makes a similar argument. *See* Zeta Motion at 27–28. The *D'Antonio* Court did not agree, holding that CNN's trackers fall within CIPA § 638.51's statutory definition and that the identifiable "fingerprint information" (i.e., IP address and other identifiers) are not "necessarily" content and thus should not categorically be excluded from CIPA § 638.51's purview. *Id* at *7. In this case, Plaintiffs allege Zeta collects content (e.g., consumers' queries, searches, and behaviors) but also fingerprinting information like in *D'Antonio*, specifically, IP addresses, unique identifiers, and email addresses. FAC ¶ 109.

In light of these similarities, Plaintiffs respectfully submit that *D'Antonio*—which was published on April 9, 2026—may properly be considered as relevant supplemental authority.

Dated: April 15, 2026

Respectfully submitted,

By: /s/ *Gary E. Mason*

Gary E. Mason
Danielle Perry (admitted *pro hac vice*)
**MASON & PERRY LLP**
5335 Wisconsin Avenue N.W., Suite 640
Washington, DC. 20015
Tel.: (202) 429-2290
gmason@masonllp.com
dperry@masonllp.com

Christian Levis
Amanda Fiorilla
**LOWEY DANNENBERG, P.C.**
44 South Broadway, Suite 110
White Plains, New York 10601
Tel.: (914) 997-0500
Fac.: (914) 997-0035
clevis@lowey.com
afiorilla@lowey.com

*Interim Co-Lead Class Counsel*

Blake Hunter Yagman
**YAGMAN PLLC**
1050 30th St. NW
Washington, D.C. 20007
Tel.: (929) 709-1493
blake.yagman@yagmanpllc.com

*Interim Executive Committee Member*

Israel David
**ISRAEL DAVID LLC**
60 Broad Street, Suite 2900
New York, New York 10004
Tel.: (212) 350-8850
Fac.: (212) 350-8860
israel.david@davidllc.com

*Interim Executive Committee Member*

*Attorneys for Plaintiffs R.E.A., K.G., Diane Ayerdi, and the Putative Classes*