UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE ZETA GLOBAL DATA PRIVACY LITIGATION          25 Civ. 5780 (PAE)

ORDER

PAUL A. ENGELMAYER, District Judge:

This order resolves a discovery dispute.  Plaintiffs move to compel defendant Dotdash Meredith Inc. ("Dotdash"), Zeta Global Holdings Corporation ("Zeta Holdings"), and Zeta Global Corporation ("Zeta Corp.," and collectively with Zeta Holdings, "Zeta") to disclose whether they have adequately preserved certain electronically stored information ("ESI") and for a preservation order for such information.  Dkt. 69.  Dotdash opposes, arguing that it has acted to appropriately to preserve relevant ESI and that any request for a preservation order is premature and unfounded.  Dkt. 71.  Zeta also opposes, arguing plaintiffs' motion is "largely moot" and an attempt to circumvent the discovery stay to which the parties have agreed pending resolution of defendants' motion to dismiss.  Dkt. 72.  For the reasons that follow, the Court denies plaintiffs' motion.

At the threshold, the Court takes up whether there is a live dispute here.  Plaintiffs argue that there is a "substantial risk that relevant ESI" may be "lost, overwritten, or deleted," because: their October 6, 2025 request for information regarding certain ESI  went largely unanswered; Dotdash has not identified relevant repositories of ESI in its initial disclosures; and Zeta has not identified "what data . . .if any, [it] has preserved."  Dkt. 69.  Dotdash counters that it is "keenly aware of its preservation obligations" and has "acted accordingly."  Dkt. 71 at 1.  It represents that disclosures regarding "detailed information about its preservation process" is premature as

the parties have "agreed not to engage in discovery," while the motion to dismiss is pending. *Id*. at 2.  Zeta represents that it has provided document custodian information, sources of ESI that are preserved, relevant timeframes, and more.  Dkt. 72 at 1.  It notes that it has stated it is preserving custodial data sources from January 1, 2019 to the present; identified five custodial locations where ESI is being preserved; identified eight ESI custodians by name and title, and outlined the relevant information each may hold; and worked to negotiate an ESI protocol with plaintiffs.  *Id*. at 3.

On the record before the Court, plaintiffs' request for information appears substantially resolved.  Plaintiffs asked that defendants identify "each system with potentially relevant ESI, the ESI being preserved, the time period for which ESI is available, which ESI and/or ESI sources were not preserved, and whether any ESI has been lost or is no longer available." Dkt. 69 at 1.  Defendants respond that they confirmed to plaintiffs that they are "aware of [their] obligations" to preserve ESI and "ha[ve] acted accordingly."  Dkts. 71–72.  Absent evidence to the contrary, that answer is appropriately responsive.  Zeta has identified for plaintiffs the systems with potentially relevant ESI, the ESI being preserved, and the time period for which such ESI is being preserved.  Dkt. 72 at 3.  Dotdash has not furnished these details to plaintiffs, but it too represents that it has been aware of its preservation obligations "since the inception of this matter," heeded them, and recognized that these exist with or without a court order.  Dkt. 71 at 1–2.

"[A]t a minimum, the party seeking a preservation order must demonstrate that the evidence is in some danger of being destroyed absent a court order."  *Ok-gu v. DistroKid, Inc.*, No. 25 Civ. 9818, 2026 WL 621823, at *6 (S.D.N.Y. Mar. 4, 2026).  Plaintiffs have not shown that here.  Mere "speculative assertions" in support of spoliation concerns are insufficient to

merit entry of a preservation order. *See id.*; *Hyers v. Martuscello*, No. 24 Civ. 962, 2025 WL 406732, at \*5 (N.D.N.Y. Feb. 5, 2025); *Pro. Merch. Advance Cap., LLC v. C Care Servs.*, LLC, No. 13 Civ. 6562, 2013 WL 12109397, at \*3 (S.D.N.Y. Oct. 2, 2013) (declining to issue preservation order where plaintiffs had not offered any evidence that defendants were likely to destroy evidence relevant to future litigation). Defendants have preservation duties with or without a preservation order. Plaintiffs' dissatisfaction with defendants' responsiveness to their communications does not support the inference that there is a "substantial risk" that, absent such an order, relevant ESI may be lost, overwritten, or deleted. *See Ok-gu*, 2026 WL 621823, at \*6; *Matteo v. Kohl's Dep't Stores, Inc.*, No. 9 Civ. 7830, 2012 WL 760317, at \*3 (S.D.N.Y. Mar. 6, 2012). On the record at hand, there is no basis to distrust defendants' reassurances that they understand and will heed their obligations to preserve such material. *See, e.g.*, Dkt. 71 at 1 ("Dotdash has been, and remains, keenly aware of its preservation obligations . . . and has acted accordingly); *id.* at 3 ("Dotdash is aware of its obligations, has acted accordingly"); Dkt. 72 at 1 ("Zeta . . . provided assurances that it was taking reasonable steps to comply with its . . . related preservation obligations"); *id.* at 2 ("Zeta has repeatedly informed [p]laintiffs that . . . it is complying with its discovery obligations"); *id.* at 2–3 (summarizing the information regarding relevant ESI that Zeta has supplied to plaintiffs).

The Court, accordingly, denies plaintiffs' request for a preservation order. This ruling is without prejudice to plaintiffs' right to move anew for such an order on a proper showing.

3

SO ORDERED.

_Paul A. Engelmayer_
PAUL A. ENGELMAYER
United States District Judge

Dated: May 11, 2026
       New York, New York