

**Whitney M. Smith**

Kelley Drye & Warren LLP
7 Giralda Farms, Ste. 340
Madison, NJ 07940

Tel: (973) 503-5923
WSmith@KelleyDrye.com

June 26, 2026

*__Via Electronic Filing__*
Hon. Paul A. Engelmayer
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

Re:        *__In re Zeta Global Data Privacy Litig.__*__, Case No. 1:25-cv-5780-PAE__

Dear Judge Engelmayer:

Pursuant to Local Civil Rule 37.2 and Rule 2.E. of the Court's Individual Rules and Practices in Civil Cases, Defendants Zeta Global Corp. and Zeta Global Holdings Corp. (collectively, "Zeta") and Defendant Dotdash Meredith, Inc. ("Dotdash" and together with Zeta, "Defendants") respectfully request the Court enter an order staying discovery in the above-referenced case, until it rules on Defendants' respective motions to dismiss ("Motions").[1] *See* ECF Nos. 43–49. As set forth herein, a stay would increase efficiencies for both the parties and the Court, and no prejudice will result from such a stay.

*__Background.__*  Plaintiffs filed a motion to consolidate two separately pending class actions on July 31, 2025. This Court granted that motion, and on November 20, 2025, Plaintiffs filed the first amended complaint ("FAC") that is the subject of the pending Motions. Defendants have consistently maintained that discovery should not commence, to the extent it remains necessary, until after the Motions are decided. Notwithstanding this position, Defendants have endeavored to work with Plaintiffs to ensure that, if some portion of the FAC survives, discovery can commence efficiently, by for example, exchanging initial disclosures and negotiating an ESI protocol, protective order, and Rule 502(d) order.[2] Plaintiffs also requested information regarding Defendants' preservation efforts, and Defendants provided certain information to address those concerns on an informal basis. Plaintiffs nevertheless sought a preservation order, which the Court denied on May 11, 2026. *See* ECF No. 74. On May 29, 2026, Plaintiffs served Requests for Production ("Requests") (attached hereto as Exhibit A). Defendants conferred with Plaintiffs again on June 22, 2026, to determine whether Plaintiffs would agree to a discovery stay pending resolution of the Motions. The parties remain at an impasse.

*__Legal Standard.__*  Under Fed. R. Civ. P. 26(c), the Court has "considerable discretion to stay discovery" upon a showing of "good cause." *Hong Leong Fin. Ltd (Singapore) v. Pinnacle Performance Ltd.*, 297 F.R.D. 69, 72 (S.D.N.Y. 2013) (quotes omitted). While a motion to dismiss does not automatically stay

---

[1] Defendant Dotdash is represented by separate counsel.  Zeta's undersigned counsel is authorized to confirm that Dotdash joins this letter motion in full.

[2] In Defendants' Initial Disclosures and written correspondence with Plaintiffs, Defendants have reserved the right to move to stay discovery, until the Motions are adjudicated.  These efforts were also part of a compromise whereby Plaintiffs agreed, informally, not to commence discovery.

June 26, 2026

discovery, it may constitute good cause to issue such relief. *Id.*; *see also* Order at 2, *Macy's Sys. and Tech., Inc. v. CA, Inc.*, No. 1:25-cv-8530 (S.D.N.Y. May 11, 2025) (ECF No. 46) (Engelmayer, J.) (staying discovery during the pendency of a motion to dismiss). When a defendant moves to stay discovery during the pendency of a motion to dismiss, courts consider: (1) whether the defendant made a strong showing that the plaintiff's case lacks merit; (2) the breadth of discovery sought and defendant's burden in responding to it; and (3) the risk of unfair prejudice to the opposing party. *Id.*

***Strength of Defendants' Motions.*** Both Motions are potentially dispositive and have raised viable grounds for dismissing the FAC, and therefore, support a discovery stay. *See HAHA Glob., Inc. v. Barclays*, No. 1:19-cv-04749, 2020 WL 832341, at *1 (S.D.N.Y. Feb. 20, 2020). The Motions are especially compelling for two reasons: (1) they attack subject matter jurisdiction; and (2) they put forth several, independent grounds for dismissing Plaintiffs' FAC in its entirety.

First, the Motions challenge Article III standing, and courts frequently stay discovery on the merits until jurisdictional issues are decided. *See Sharma v. Open Door NY Home Care Servs., Inc.*, 345 F.R.D. 565, 568–69 (E.D.N.Y. 2024) (collecting cases). Indeed, discovery should be stayed when "there are no factual issues in need of further immediate exploration," and when a court is presented with purely legal questions that are dispositive, such as jurisdictional challenges. *Id.* at 568. Here, the Motions raise threshold challenges to the Court's subject matter jurisdiction. *See* ECF Nos. 44, 49, 62, 64. Defendants make strong arguments that Plaintiffs lack Article III standing because they have not suffered an injury that is concrete or traceable to Defendants' allegedly unlawful conduct. *See id.* For example, the FAC contains only general, not personalized, allegations of harm. *See id.* And even those general allegations do not satisfy the constitutional minimum for standing. *See id.*

Second, the Motions present various independent grounds for dismissing Plaintiffs' FAC. This Court has consistently stayed discovery under similar circumstances. *E.g.*, *Gastineau v. ESPN Inc. et al.*, No. 1:25-cv-2041, ECF No. 41 (S.D.N.Y. Sept. 24, 2025) (Engelmayer, J.) (staying discovery in a VPPA case where defendant put forth "multiple, independent bases" for dismissing plaintiff's claim); *Collins v. Pearson Educ., Inc.*, No. 1:23-cv-2219, ECF No. 29 (S.D.N.Y. Jul. 24, 2023) (Engelmayer, J.); *Boelter v. Hearst Commc'ns, Inc.*, No. 1:15-cv-03934, 2016 WL 361554, at *5 (S.D.N.Y. Jan. 28, 2016) (similar).

In addition to attacking the FAC's jurisdictional defects, the Motions demonstrate that all of Plaintiffs' causes of action fail as a matter of law because, among other reasons: (1) there are choice of law issues that defeat the claims; (2) Plaintiffs' allegations do not state a claim under the law; and (3) the laws that Plaintiffs pursue do not even apply to the at-issue conduct. *See* ECF Nos. 44, 62. For instance, Plaintiffs bring a claim under the pen register provision of the California Invasion of Privacy Act ("CIPA"), Cal. Pen. Code § 638.51, which is currently the subject of an interlocutory appeal pending in California's Appellate Court. The appeal, *Variety Media v. Superior Court*, asks whether CIPA's pen register provision applies to internet-based conduct. No. B350578 (Cal. Ct. App.). While Defendants dispute that California law applies to this case, the fact that the California Appellate Court elected to take up this issue on an interlocutory basis demonstrates that the challenge has merit. This Court's decision on the Motions may dispose of Plaintiffs' claims altogether, or otherwise inform the scope of discovery.

**KELLEY DRYE & WARREN LLP**

2

June 26, 2026

The Court need not predict a resolution of Defendants' Motions at this time, as even a "preliminary look" reveals that the Motions are "not unfounded in the law and appear[] to have substantial grounds." *Anti-Monopoly, Inc. v. Hasbro, Inc.*, No. 1:94-cv-02120, 1996 WL 101277, at *4 (S.D.N.Y. Mar. 7, 1996) (quotations omitted). Even if the Motions are granted only in part, discovery may be significantly narrowed, which supports a stay. *See, e.g., HAHA Glob., Inc.*, 2020 WL 832341, at *1. Therefore, the strength of Defendants Motions weigh in favor of staying discovery.

***Breadth and Burden of Discovery.*** Discovery will likely be burdensome, given that Plaintiffs bring claims on behalf of a nationwide putative class and three state subclasses. *See* ECF No. 35. Plaintiffs' Requests confirm this. *See* Ex. A. As to Zeta, Plaintiffs seek information on government or regulatory investigations into Zeta's business, documents identifying *all* third parties which deploy Zeta's technology, and organizational documents, down to "personnel directories, phone lists" and documents maintained by human resources. *Id.* As to Dotdash, Plaintiffs seek similar investigatory materials regarding Zeta and organizational documents that identify its employees. *Id.* Both sets of Requests have indefinite temporal restrictions and implicate an unspecified number of third parties. The Requests, which are objectionable on multiple grounds, indicate that Plaintiffs intend to pursue invasive discovery.[3]

Defendants anticipate that Plaintiffs will serve class-wide discovery, should the Court not impose a stay. During the Parties' efforts to negotiate an ESI protocol and protective order, Plaintiffs indicated that they would oppose any defense efforts to bifurcate discovery. Class-wide discovery would impose an unnecessary burden at this juncture, particularly as Plaintiffs estimate that the putative nationwide class is comprised of over 245 million persons. *See Sharma*, 345 F.R.D. at 569. If the Court resolves the Motions in Defendants' favor, the burden associated with responding to the present Requests and future requests, "will likely have served little purpose." *Niv v. Hilton Hotels Corp.*, No. 1:06-cv-07839, 2007 WL 510113, at *2 (S.D.N.Y. Feb. 15, 2007). Accordingly, the breadth and burden of discovery favor a stay.

***Prejudice.*** Neither party will be prejudiced by staying discovery.[4] The Motions have been fully briefed, and a stay is likely to be relatively modest in length. *See Alapaha View Ltd. v. Prodigy Network, LLC*, No. 1:20-cv-7572, 2021 WL 1893316, at *3 (S.D.N.Y. May 10, 2021) (finding a stay would not be prejudicial where the case was in early stages and a stay would be brief); *HAHA*, 2020 WL 832341, at *1–2 (similar). The Court has neither issued a scheduling order nor attempted to hold a scheduling conference, so no case deadlines will be disrupted. Moreover, if the Court denies the Motions, the Parties are well-suited to initiate discovery, as they have reached substantial agreement on an ESI protocol, protective order, and Rule 502(d) order. This effort further supports a discovery stay.

***Conclusion.*** All three factors favor staying discovery, pending the adjudication of Defendants' Motions. Therefore, the Court should grant Defendants' request.

---

[3] Defendants reserve any and all objections to Plaintiffs' Requests.
[4] Any argument that a stay will affect Defendants' preservation efforts would be unfounded. As this Court has already decided, Defendants have provided Plaintiffs with sufficient assurances about their ESI preservation efforts. *See* ECF No. 74. A discovery stay will not alter that reality or make unavailable any ESI that may exist.

**KELLEY DRYE & WARREN LLP**

3

June 26, 2026

Respectfully submitted,

*Whitney M. Smith*
Whitney M. Smith

cc:    All counsel of record

Per the Court's Individual Rule 2(E) governing discovery disputes, plaintiffs' response to defendants' letter is due July 2, 2026.

SO ORDERED.

*Paul A. Engelmayer*
_____
PAUL A. ENGELMAYER
United States District Judge

Dated: June 29, 2026
         New York, New York

KELLEY DRYE & WARREN LLP