UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE ZETA GLOBAL DATA PRIVACY LITIGATION

25 Civ. 5780 (PAE)

ORDER

PAUL A. ENGELMAYER, District Judge:

This order resolves a discovery dispute in this putative class action. Defendants move for an order staying discovery pending resolution of their fully briefed motion to dismiss. Dkt. 78. Plaintiffs oppose, arguing that a stay would prejudice them by risking the loss of relevant evidence. Dkt. 80. For the reasons that follow, the Court grants defendants' motion.

Federal Rule of Civil Procedure 26(c) affords a court considerable discretion to stay discovery upon a showing of "good cause." *Hong Leong Fin. Ltd. (Singapore) v. Pinnacle Performance Ltd.*, 297 F.R.D. 69, 72 (S.D.N.Y. 2013) ("*Hong Leong*"). The pendency of a dispositive motion is not, of itself, an automatic ground for a stay. *See Gross v. Madison Square Garden Ent. Corp.*, No. 23 Civ. 3380, 2023 WL 6815052, at *1 (S.D.N.Y. Oct. 17, 2023). A court is to consider the "particular circumstances and posture of each case." *Hong Leong*, 297 F.R.D. at 72. That entails evaluating "multiple factors, including the breadth of discovery sought, the burden of responding to it, the prejudice that would result to the party opposing the stay, and the strength of the pending motion forming the basis of the request for stay." *Republic of Turkey v. Christie's, Inc.*, 316 F. Supp. 3d. 675, 677 (S.D.N.Y. 2018).

The Court assumes familiarity with the background of this case. In brief, the parties do not dispute that they initially agreed that "(1) [d]efendants would negotiate custodians, search terms, the scope of preservation, and an ESI Protocol and Protective Order with [p]laintiffs, so

long as (2) [p]laintiffs agreed to informally hold off on serving discovery." Dkt. 80 at 1; *see* Dkt. 78 at 1 n.2. On May 11, 2026, the Court resolved an earlier discovery dispute, denying plaintiffs' request to compel defendants to disclose whether they had adequately preserved certain electronically stored information ("ESI") and for issuance of a preservation order. Dkt. 74. In seeking leave to undertake discovery, as embodied in discovery requests they issued on May 29, 2026, plaintiffs assert that defendants had "not upheld their end of the bargain." Dkt. 80 at 1.

The Court finds a discovery stay appropriate pending its resolution (which will occur in relatively short order) of the motions to dismiss. Such a stay is unlikely to prejudice the parties, given the limited time frame in which it would operate. *See, e.g.*, *In re Towers Fin. Corp. Noteholders Litig*., No. 93 Civ. 810, 1996 WL 622386, at *2 (S.D.N.Y. Jan. 29, 1996) ("the Court has the discretion to stay discovery pending the determination of a dispositive motion such as a motion to dismiss, especially where the stay is for a 'short' period of time and the plaintiff will not be prejudiced by the stay"); *Choudhury v. NYC Health & Hosps. Corp.*, No. 25 CIV. 5240 (PAE), 2025 WL 2977837, at *5 (S.D.N.Y. Oct. 22, 2025) (same). A stay is particularly appropriate where discovery is apt to generate substantial work and expense that a grant or partial grant of a motion to dismiss stands to obviate or reduce. *See, e.g.*, *Rios v. Max Mara USA Inc.*, No. 23 Civ. 9839, 2024 WL 3493607, at *1 (S.D.N.Y. July 22, 2024); *Choudhury v. NYC Health & Hosps. Corp.*, No. 25 Civ. 5240 (PAE), 2025 WL 2977837, at *4 (S.D.N.Y. Oct. 22, 2025); *Amron v. 3M Minnesota Mining & Mfg. Co.*, No. 23 Civ. 8959, 2024 WL 263010, at *3 (E.D.N.Y. Jan. 24, 2024).

The Court accordingly grants defendants' motion to stay discovery pending resolution of defendants' motions to dismiss.

SO ORDERED.

Paul A. Engelmayer

PAUL A. ENGELMAYER
United States District Judge

Dated: July 13, 2026
New York, New York