**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| DIANE AYERDI, R.E.A., and K.G., on behalf of themselves and others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ZETA GLOBAL HOLDINGS CORP., and DOTDASH MEREDITH, INC.,<br><br>Defendants. | Case No. 1:25-cv-5780-PAE |

**MEMORANDUM OF LAW IN SUPPORT OF**
**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR RECONSIDERATION**

# TABLE OF CONTENTS


**Page**

I. THE MOTION IS PROCEDURALLY IMPROPER ..... 4

A. Plaintiffs Required Permission to File a Declaration ..... 4

B. The Declaration Lacks Foundation ..... 5

1. Exhibit A ..... 5

2. Exhibit B ..... 6

3. Exhibit C ..... 6

II. THE MOTION DOES NOT PRESENT NEW, CONTROLLING AUTHORITY ..... 7

III. PLAINTIFFS' ARGUMENTS OTHERWISE FAIL ..... 8

A. Plaintiffs Failed to Establish Standing ..... 8

1. Plaintiffs Fail to Plead Article III Standing ..... 8

2. Plaintiffs Failed to Provide Evidence of Article III Standing ..... 8

B. Plaintiffs' "Profiling" Allegations Do Not Warrant Reconsideration ..... 9

C. Plaintiffs' "Collection" Allegations Do Not Warrant Reconsideration ..... 10

D. There is No Basis to Revisit the Court's Conclusion on Traceability ..... 10

E. Leave to Amend Should Be Denied ..... 10

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Amidax Trading Grp. v. S.W.I.F.T. SCRL*,
2009 WL 1110788 (S.D.N.Y. Apr. 24, 2009)....8

*Brown v. Google LLC*,
685 F. Supp. 3d 909 (N.D. Cal. 2023)....7

*Carter v. HealthPort Techs., LLC*,
822 F.3d 47 (2d Cir. 2016)....8

*CBRE, Inc. v. Pace Gallery of New York, Inc.*,
2022 WL 683744 (S.D.N.Y. Mar. 8, 2022)....4

*Cherkin v. PowerSchool Holdings, Inc.*,
2025 WL 844378 (N.D. Cal. Mar. 17, 2025)....7

*Davidson v. Scully*,
172 F. Supp. 2d 458 (S.D.N.Y. 2001)....3, 5

*Dziennik v. Sealift, Inc.*,
2009 WL 10705790 (E.D.N.Y. Apr. 1, 2009)....11

*Eur. Cmty. v. RJR Nabisco, Inc.*,
150 F. Supp. 2d 456 (E.D.N.Y. 2001)....11

*Goldberg v. Stein Saks, PLLC*,
2025 WL 673451 (S.D.N.Y. Mar. 3, 2025)....3

*Holcombe v. Ingredients Sols., Inc.*,
797 F. App'x 630 (2d Cir. 2020)....11

*In re Facebook, Inc. Internet Tracking Litig.*,
956 F.3d 589 (9th Cir. 2020)....7

*In re Google Inc. Cookie Placement Consumer Privacy Litig.*,
806 F.3d 125 (3d Cir. 2015)....7

*Kantamneni v. United States Dep't of Homeland Sec.*,
2025 WL 2774088 (S.D.N.Y. Sept. 29, 2025)....11

*Katz v. Donna Karan Co., L.L.C.*,
872 F.3d 114 (2d Cir. 2017)....8, 9

*Katz-Lacabe v. Oracle Am., Inc.*,
668 F. Supp. 3d 928 (N.D. Cal. 2023) ....................7

*Key v. Barry White Family Tr.*,
2025 WL 3653250 (S.D.N.Y. Dec. 17, 2025) ....................5, 6

*Latino Quimica-Amtex S.A. v. Akzo Nobel Chemicals B.V.*,
2005 WL 2207017 (S.D.N.Y. Sept. 8, 2005)....................8

*Loren v. City of New York*,
2017 WL 5903358 (S.D.N.Y. Nov. 28, 2017)....................3, 7, 10

*Lujan v. Defenders of Wildlife*,
504 U.S. 555 (1992)....................8

*Menking ex rel. Menking v. Daines*,
287 F.R.D. 174 (S.D.N.Y. 2012) ....................7

*Mikulsky v. Bloomingdale's, LLC*,
713 F. Supp. 3d 833 (S.D. Cal. 2024)....................7

*Pegoraro v. Marrero*,
2012 WL 3112331 (S.D.N.Y. Aug. 1, 2012)....................4

*Raymond A. Semente, D.C., P.C. v. Empire Healthchoice Assurance, Inc.*,
523 F. Supp. 3d 269 (E.D.N.Y. 2021) ....................4

*Schwartz v. HSBC Bank USA, N.A.*,
2017 WL 2634180 (S.D.N.Y. June 19, 2017) ....................4

*Sys. Mgmt. Arts Inc. v. Avesta Techs., Inc.*,
106 F. Supp. 2d 519 (S.D.N.Y. 2000)....................4

*Wahab v. Surya Nature, Inc.*,
2025 WL 872112 (S.D.N.Y. Mar. 20, 2025) ....................11

**Other Authorities**

Federal Rules of Civil Procedure 15(a)(1)(B) ....................2, 11

S.D.N.Y. Local Civil Rule 6.3....................4

Defendants Zeta Global Corp. and Zeta Global Holdings Corp. (together, "Zeta") and Defendant Dotdash Meredith, Inc. ("Dotdash" and collectively with Zeta, "Defendants") jointly oppose the Motion for Reconsideration ("Motion" or "Mot.") filed by Plaintiffs Diane Ayerdi, K.G., and R.E.A. ("Plaintiffs").

## INTRODUCTION

In response to this Court's order ("Order") dismissing the First Amended Complaint ("FAC"), Plaintiffs ask this Court to reconsider its conclusion that Plaintiffs lack Article III standing. The Motion should be denied for several independent reasons. First, the Motion is procedurally improper, as Plaintiffs submitted factual materials that were not part of the record on the motion to dismiss. Such newly submitted materials were not—and could not have been—"overlooked" by the Court, a prerequisite for Plaintiffs' success on this Motion. Plaintiffs' own authority confirms that such a submission is improper. Second, even if the Court does consider Plaintiffs' improperly filed exhibits, they do not support reconsideration of the Order. If anything, the exhibits underscore that Plaintiffs have not adequately alleged facts to establish standing, and no further amendment could cure that, particularly given that Plaintiffs (i) already amended their complaint once and (ii) declined an explicit invitation from the Court to further amend after Defendants filed their motions to dismiss. Third, Plaintiffs cite no new or controlling authority to redeem their case, and instead simply recycle arguments that this Court already considered and rejected. Finally, Plaintiffs' claim that the Court should allow them to file a further amended complaint is meritless, given the Court's ruling that it lacks subject matter jurisdiction over these claims, coupled with the repeated opportunities that Plaintiffs already had to amend their pleading.

In sum, nothing in the Motion changes that Plaintiffs did not meet their burden to establish Article III standing. The Court should reject Plaintiffs' disgruntled attempt to revisit its conclusions and deny the Motion in its entirety.

## PROCEDURAL HISTORY

***Plaintiffs' Initial Complaints.*** This proceeding began as two similar putative class actions. On July 14, 2025, Plaintiff Diane Ayerdi filed a complaint against Zeta and Dotdash under the caption *Ayerdi v. Zeta Global Holdings Corp.*, No. 1:25-cv-05780. (ECF 15 at 1.) On July 15, 2025, three pseudonymous plaintiffs (A.P., R.E.A., and K.G.) filed a complaint against Zeta under the caption *A.P., et al. v. Zeta Global Corp.*, No. 1:25-cv-05823. (*Id.*) Both complaints made substantially similar factual allegations and asserted overlapping legal claims. (*Id.*) On July 31, 2025, Plaintiffs moved to consolidate (*id.* at 1–2, n.4), which the Court granted on October 14, 2025 (ECF 28). Plaintiffs filed the FAC on November 20, 2025. (ECF 35.)

***The Motions to Dismiss.*** On December 22, 2025, the Court granted the parties' requests to file briefs that exceeded Local Rule 7.1(c)'s page limits. (ECF 39.) Defendants filed separate motions to dismiss on January 5, 2026. (ECF 43–49.) On January 6, 2026, the Court notified Plaintiffs that, under Federal Rule of Civil Procedure 15(a)(1)(B), they may amend their FAC once as of right. (ECF 50.) It further ordered Plaintiffs to file any amended complaint by January 28, 2026, and warned that, if they did not, "[n]o further opportunities to amend will ordinarily be granted." (*Id.*) Plaintiffs did not exercise their right to amend the FAC, and instead, opposed Defendants' motions to dismiss. (*See* ECF 57–60.) Plaintiffs also opposed Zeta's request for judicial notice, which included extraneous exhibits, but did not submit factual support for their opposition. (ECF 58.) Defendants filed their replies on March 20, 2026. (ECF 62–64.) On March 27, 2026, the Court granted Plaintiffs' request to file a sur-reply to Dotdash's motion. (ECF 66.) In total, the Parties submitted 161 pages of briefing on the motions to dismiss. Plaintiffs subsequently filed two notices of supplemental authority. (ECFs 68, 81.)

***The Order.*** On August 5, 2026, the Court granted Defendants' motions and dismissed the FAC. (ECF 83.) The Court analyzed, and rejected, each of Plaintiffs' theories of injury in its

Order. (*Id.*) As a threshold matter, the Court explained that standing must exist for each named Plaintiff and cannot be based on the injury of an unknown putative class member. (*Id.* at 9–10.) The Court found that none of the three named Plaintiffs pleaded a concrete injury traceable to either Defendant, as required to confer Article III standing. (*Id.*) The Court recognized that Plaintiffs "do not come close" to pleading a disclosure of sensitive information. (*Id.* at 12.) The Court also rejected Plaintiffs' "conjecture" based allegations regarding the number of datapoints Zeta allegedly collects (*id.* at 13), as well as the "confounding" suggestion that these datapoints reached Zeta through other data aggregators (*id.* at 17). For these reasons and others, the Court dismissed the FAC without prejudice, permitting Plaintiffs to refile "a new action with a proper jurisdictional basis." (*Id.* at 23.)

**ARGUMENT**

A motion for reconsideration is an "extraordinary" measure that courts only grant in "rare" circumstances. *Goldberg v. Stein Saks, PLLC*, 2025 WL 673451, at *2 (S.D.N.Y. Mar. 3, 2025) (citation omitted). Such a request should only be granted when the movant presents: (1) a change in controlling law; (2) newly available evidence; or (3) a need to "correct a clear error or prevent manifest injustice." *Id.* (citation omitted). This is a "strict" standard, and such motions should generally be denied, unless a court overlooked "controlling decisions or data." *Loren v. City of New York*, 2017 WL 5903358, at *2 (S.D.N.Y. Nov. 28, 2017) (Engelmayer, J.) (denying reconsideration where plaintiff did not identify anything that the Court overlooked in its motion to dismiss decision but was attempting to bolster his claims).

A motion for reconsideration is not a vehicle to advance new arguments that a party could have, but "neglected to make before judgment." *Davidson v. Scully*, 172 F. Supp. 2d 458, 464 (S.D.N.Y. 2001) (citation omitted). Consistent with this principle, "litigants are barred from introducing new facts in a motion to reconsider." *Loren*, 2017 WL 5903358, at *3. Plaintiffs'

own authority recognizes this basic proposition. (*See* Mot. at 4 (citing *Raymond A. Semente, D.C., P.C. v. Empire Healthchoice Assurance, Inc.*, 523 F. Supp. 3d 269, 275 (E.D.N.Y. 2021) (on a motion to reconsider, "a party may not advance new facts, issues, or arguments not previously presented to the Court.").) These rules "ensure the finality of decisions and [] prevent the practice of a losing party examining a decision and then plugging the gaps of a lost motion with additional matters." *Schwartz v. HSBC Bank USA, N.A.*, 2017 WL 2634180, at *2 (S.D.N.Y. June 19, 2017), *aff'd*, 750 F. App'x 34 (2d Cir. 2018) (citation omitted).

## I. THE MOTION IS PROCEDURALLY IMPROPER

### A. Plaintiffs Needed Permission to File a Declaration

Under Local Civil Rule 6.3, on a motion for reconsideration, "[n]o party is to file an affidavit unless directed by the court." This District regularly enforces this rule and strikes declarations and exhibits filed without express permission because "a motion for reconsideration is not the proper avenue for the submission of new material." *Sys. Mgmt. Arts Inc. v. Avesta Techs., Inc.*, 106 F. Supp. 2d 519, 521 (S.D.N.Y. 2000); *see also Pegoraro v. Marrero*, 2012 WL 3112331, at *3 (S.D.N.Y. Aug. 1, 2012) (similar); *CBRE, Inc. v. Pace Gallery of New York, Inc.*, 2022 WL 683744, at *1, n.1 (S.D.N.Y. Mar. 8, 2022) (rejecting declaration and exhibits because they "are presumptively prohibited on a motion for reconsideration or reargument.").

Here, Plaintiffs support their Motion with an attorney declaration ("Fiorilla Declaration" or "Decl.") attaching three exhibits ("Exhibits"). Plaintiffs requested that this information be sealed to protect purportedly sensitive information but, importantly, did not seek permission to file a supporting affidavit or provide authority for doing so. (*See* ECF 86.) The Fiorilla Declaration and its Exhibits should be rejected on this basis alone.

### B. The Declaration Lacks Foundation

When an affidavit is permitted, it must lay a foundation consistent with its limited purpose, including identifying whether the allegedly overlooked evidence was in the record and, if not, when it was obtained. *See Davidson*, 172 F. Supp. 2d at 464. The Fiorilla Declaration does not lay a proper foundation for the Exhibits, none of which were included in the motion to dismiss briefing.[1] (*See* ECF 87.)

#### 1. <u>Exhibit A</u>

The Fiorilla Declaration is silent on the critical, foundational point of Exhibit A's *collection* date. (*See generally* Decl.) While Ms. Fiorilla does not attest to the collection date, it appears Exhibit A was generated *after* the Court issued its Order. (Mot. at 6, n.2.)

This District has refused to consider evidence submitted under similar circumstances. In *Davidson*, the court refused to consider an invoice obtained through a F.O.I.L. request because the plaintiff obtained it *long after* the underlying motion was submitted and was therefore not in the record when the court ruled. 172 F. Supp. 2d at 464. Here, Plaintiffs' reliance on Exhibit A mirrors the improper submission in *Davidson*. Plaintiffs obtained Exhibit A through a simple website visit, five months after the motions to dismiss were briefed and over one year since the initial complaints were filed, even though such information was available earlier. (*See generally* Decl.) Plaintiffs offer no justification for this delay, and any resulting prejudice is attributable to their lack of diligence.

And, assuming that Exhibit A was collected on the "last visited" date, it is not probative of standing because standing is determined at the time a complaint is filed. *See Key v. Barry White Family Tr.*, 2025 WL 3653250, at *2 (S.D.N.Y. Dec. 17, 2025), *motion for relief from judgment*

---

[1] Defendants reserve all rights and objections to the Court considering Exhibits A, B, and C.

*denied*, 2026 WL 42703 (S.D.N.Y. Jan. 7, 2026). Any facts that arguably give rise to standing, but occurred *after* the complaint was filed, are insufficient. *Id.*

Even if Exhibit A was appropriate for consideration (it is not), it only purports to show the collection of partial IP addresses and their locations, and inferences made from descriptive URLs, page visits, and the like. The Court has already considered and rejected those allegations. (ECF 83 at 10–14.)

**2. <u>Exhibit B</u>**

While the Fiorilla Declaration identified when Exhibit B's corresponding website was last visited, it remains deficient because it post-dates the filing of Defendants' motions to dismiss by approximately five months. (*See* Decl. ¶ 4.) As noted above, Plaintiffs did not present this material at the time of briefing, which was required if they intended to rely on it. Like Exhibit A, even if the Court did consider Exhibit B (it should not), its analysis would not change because Exhibit B does not even suggest Plaintiffs suffered any injury. In fact, it undermines their system harm theory by explicitly stating that "[t]he JavaScript version of the Zeta tag will ***not*** impact your site's page loading time." (Ex. B at 3 (emphasis added).)

**3. <u>Exhibit C</u>**

Exhibit C carries no weight for three reasons. First, the Fiorilla Declaration lays no foundation for the Exhibit's collection date. (*See* Decl. ¶ 5.) Second, it fails to define "network traffic," or explain why a .har file has any bearing on standing. (*See id.*) Third, the Fiorilla Declaration, curiously, does not aver that the .har file was generated by any of the three named Plaintiffs. (*See id.*) Rather, it states that the network traffic was captured "***when a user***" visited People.com. (*Id.*) The identity of that "user" is unknown.[2] (*Id.*)

---

[2] Assuming arguendo that Exhibit C reflects one of the named Plaintiffs' recent visits to People.com, that visit undermines any injury argument. *See Mikulsky v. Bloomingdale's, LLC*, 713 F. Supp. 3d 833, 846 (S.D. Cal.

As set forth in the Order, Plaintiffs must establish standing by demonstrating injuries that they personally incurred, not abstract injuries by anyone else. (*See* ECF 83 at 9–10.) The Court made clear that, "[i]t does not suffice to allege that an absent member of the putative class experienced a cognizable injury." (*Id.* at 10 (citing *Menking ex rel. Menking v. Daines*, 287 F.R.D. 174, 178–79 (S.D.N.Y. 2012).)

***

There is no proper basis for this Court to consider the Fiorilla Declaration or its Exhibits, and it should strike them and the Motion's references to them.

## II. THE MOTION DOES NOT PRESENT NEW, CONTROLLING AUTHORITY

This Court has enforced the basic standard that a motion for reconsideration is proper when, among other things, the movant identifies "a new change in controlling law." *See Loren*, 2017 WL 5903358, at *2. The Motion presents no new or controlling authority, whatsoever. (*See generally* Mot.) Instead, it regurgitates the same cases and arguments made in Plaintiffs' opposition to Defendants' motions to dismiss. (*Compare* ECFs 57 and 59 *with* Mot. (citing *Brown v. Google LLC*, 685 F. Supp. 3d 909 (N.D. Cal. 2023); *In re Google Inc. Cookie Placement Consumer Privacy Litig.*, 806 F.3d 125 (3d Cir. 2015); *In re Facebook, Inc. Internet Tracking Litig.*, 956 F.3d 589 (9th Cir. 2020); *Katz-Lacabe v. Oracle Am., Inc.*, 668 F. Supp. 3d 928 (N.D. Cal. 2023); *Cherkin v. PowerSchool Holdings, Inc.*, 2025 WL 844378 (N.D. Cal. Mar. 17, 2025)).) The Motion should be denied on this basis.

---

2024) (plaintiff's continued use of website with tracking technologies amounts to notice and consent of tracking).

## III. PLAINTIFFS' ARGUMENTS OTHERWISE FAIL

### A. Plaintiffs Failed to Establish Standing

The party seeking to invoke Article III jurisdiction bears the burden of establishing standing. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992). Plaintiffs' argument that the Court applied the incorrect standard to evaluate the motions to dismiss lacks merit. Regardless, under either a factual or facial challenge, Plaintiffs failed to establish standing.

#### 1. <u>Plaintiffs Did Not Plead Article III Standing</u>

A defendant makes a facial challenge to Article III standing when it moves to dismiss based solely on the complaint's allegations. *Katz v. Donna Karan Co., L.L.C.*, 872 F.3d 114, 119 (2d Cir. 2017). In response to a facial challenge, a plaintiff bears no *evidentiary* burden. *See Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 56 (2d Cir. 2016). This does not, however, relieve a plaintiff from the obligation to plead facts that establish subject matter jurisdiction. *Latino Quimica-Amtex S.A. v. Akzo Nobel Chemicals B.V.*, 2005 WL 2207017, at *4 (S.D.N.Y. Sept. 8, 2005) (plaintiff must establish subject matter jurisdiction, regardless of whether a challenge is facial or factual). As Defendants' motions to dismiss made clear, which the Court's Order confirmed, Plaintiffs did not allege sufficient facts to establish standing. *See Amidax Trading Grp. v. S.W.I.F.T. SCRL*, 2009 WL 1110788, at *2 (S.D.N.Y. Apr. 24, 2009) (denying reconsideration where the court, considering only the complaint's facial allegations, found they were "speculative and conjectural, and thus insufficient to establish standing").

#### 2. <u>Plaintiffs Did Not Provide Evidence of Article III Standing</u>

Plaintiffs incorrectly argue that this Court improperly applied a "factual" standard to the motions to dismiss. (Mot. at 5.) The Court merely stated a legal standard that it may consider exhibits, but it did not rely on those exhibits in its analysis. (*See* ECF 83 at 7.) In any event, if Plaintiffs were unsure of whether Zeta's exhibits converted its motion into a factual challenge,

they should have submitted any supporting evidence in their opposition brief. Indeed, in response to a factual challenge, "plaintiffs must 'come forward with evidence of their own to controvert that presented by the defendant,'" or rely on their pleading. *Katz*, 872 F.3d at 119. Plaintiffs relied on the FAC, which, as demonstrated, was deficient. (*See* ECF 57.)

**B. Plaintiffs' "Profiling" Allegations Do Not Warrant Reconsideration**

Plaintiffs argue that the Court should reconsider its conclusion that their "profiling" allegations were insufficient to create standing, but this argument fails. (Mot. at 6.) First, the argument is predicated entirely on the introduction of Exhibit A, which this Court should not consider, *see supra* p. 5–6.[3] Even if the Court were to consider it, Exhibit A purportedly reflects types of information collected about Plaintiff K.G. that this Court already found insufficient, such as IP addresses, "identifiers" and other geographic information. (ECF 83 at 12–13.) To the extent Plaintiff K.G. claims that Exhibit A purports to show "audience segments" in which she was placed, it nevertheless fails to show that such placement was unlawful. (Mot. at 7.)

Plaintiffs do not put forth any new or controlling authority on this point, nor could they, as the Order is consistent with this Court's application of the law on a broader scale. Since Plaintiffs filed the Motion, this Court issued a non-controlling but persuasive decision that weighs against reconsideration. In *Hayward v. Mparticle Inc.*, the Court dismissed a second amended complaint for lack of standing. No. 1:25-cv-8173, ECF 72 (Sept. 1, 2026). There, plaintiffs brought a putative class action against mParticle, which builds consumer-specific profiles for advertising purposes, and according to plaintiffs, profiles "users, their devices, and their behavior by collecting 'every piece of data' about them." *Id.* at 2–3. The Court found that plaintiffs' allegations, which

---

[3] Even if Exhibit A supported reconsideration (it does not), a full-scale reconsideration of the Court's Order would be inappropriate, as any new factual allegations as to Plaintiff K.G. do not pertain to Plaintiffs R.E.A. and Ayerdi.

were closely analogous to this case, did not give rise to Article III standing under invasion of privacy, intrusion upon seclusion, and system or device harms. *See generally id.* The Court should apply the same reasoning to deny this Motion.

### C. Plaintiffs' "Collection" Allegations Do Not Warrant Reconsideration

Plaintiffs ask the Court to revisit its finding that the FAC's allegations regarding data collection are insufficient. (Mot. at 7.) Yet, they fail to point to any new, controlling law or any clear error on the Court's part. (*Id.*) The Court considered, and rejected, the same factual allegations that Plaintiffs contend were "overlooked" in this Motion. (*Compare* Mot. at 7–8 (citing FAC ¶¶ 103–111) *with* Order at 5 (analyzing FAC ¶¶ 103–04, 109–111.).) Nor can Plaintiffs rely on Exhibits B and C to achieve a different result, as they lack sufficient foundation and are, in any event, irrelevant, *see supra* p. 6–7. Because Plaintiffs do not meet the high standard to warrant reconsideration, *see Loren*, 2017 WL 5903358, at *2, the Motion should be denied.

### D. There is No Basis to Revisit the Court's Conclusion on Traceability

Plaintiffs make the flimsy argument that the Court's conclusion on traceability is incorrect. (Mot. at 9.) Plaintiffs rely on four cases from the Northern District of California, one case from the District of New Hampshire, and one Third Circuit case, (*id.* at 9–10), none of which are new or controlling, as required for this Motion. *See Loren*, 2017 WL 5903358, at *3. Plaintiffs' failure to present such authority underscores that the Motion is merely a vehicle to relitigate the adequacy of the same allegations in their FAC, which the Court has already addressed and rejected. (*See* ECF 44, 49.) There is no basis for reconsideration.

### E. Leave to Amend Should Be Denied

Plaintiffs ask the Court to grant leave to amend their FAC, because dismissal was without prejudice. (Mot. at 10–11.) Defendants do not dispute the dismissal without prejudice. (*See* ECF 83 at 23.) However, leave to amend was and is improper here for two reasons.

First, some courts have held that absent subject matter jurisdiction, a court lacks authority to grant leave to amend. *See e.g.*, *Eur. Cmty. v. RJR Nabisco, Inc.*, 150 F. Supp. 2d 456, 503 (E.D.N.Y. 2001) (without subject matter jurisdiction, the court is "powerless" to grant leave to amend); *Dziennik v. Sealift, Inc.*, 2009 WL 10705790, at *4 (E.D.N.Y. Apr. 1, 2009) (same); *cf. Kannuu Pty Ltd. v. Samsung Elecs. Co., Ltd.*, 2025 WL 2145556 (S.D.N.Y. July 29, 2025).

Second, Plaintiffs had at least two opportunities to plead facts establishing Article III standing. They filed the FAC on November 20, 2025, revising their separate complaints and abandoning claims by Plaintiff A.P. (ECF 35.) They had a second opportunity to amend after Defendants filed their motions to dismiss, when the Court entered an order providing Plaintiffs with an amendment deadline, under Rule 15(a)(1)(B). (ECF 50.) The Court warned that "[n]o further opportunities to amend will ordinarily be granted." (*Id.*)

Plaintiffs chose to stand on their complaint and must accept the consequences of that decision. *See Holcombe v. Ingredients Sols., Inc.*, 797 F. App'x 630, 634 (2d Cir. 2020) (dismissal for lack of subject matter jurisdiction must be without prejudice, but leave to amend is not required). The Court should not grant leave to amend where Plaintiffs had two prior opportunities to cure factual deficiencies through amendment, but did not, and where the amendment would be futile anyway. *Kantamneni v. United States Dep't of Homeland Sec.*, 2025 WL 2774088, at *15 (S.D.N.Y. Sept. 29, 2025); *see also Wahab v. Surya Nature, Inc.*, 2025 WL 872112, at *5 (S.D.N.Y. Mar. 20, 2025) (leave to file a second amended complaint denied after the court explicitly warned plaintiff that no further amendment would be permitted).

## CONCLUSION

For the reasons set forth above, the Court should deny the Motion.

Dated: September 3, 2026

KELLEY DRYE & WARREN LLP

By: */s/ Whitney M. Smith*

Whitney M. Smith
Danielle J. Terracciano
3 World Trade Center
175 Greenwich Street
New York, NY 10007
Tel: (212) 808-7800
Fax: (212) 808-7897
wsmith@kelleydrye.com
dterracciano@kelleydrye.com

Lauri A. Mazzuchetti*
7 Giralda Farms, Ste. 340
Madison, NJ 07940
Tel: (973) 503-5900
Fax: (973) 503-5950
lmazzuchetti@kelleydrye.com

**pro hac vice forthcoming*

*Counsel for Defendant Zeta Global Holdings Corp.*

CARLTON FIELDS, P.A.

By: /s/ *Aaron S. Weiss*

Aaron S. Weiss
Michael Margulies
730 Third Avenue, 19th Floor
New York, New York 10017
Tel: (212) 785-2577
aweiss@carltonfields.com
mmargulies@carltonfields.com

*Counsel for Defendant Dotdash Meredith Inc.*

## TYPE-VOLUME CERTIFICATION

Pursuant to Local Civil Rule 7.1, the undersigned counsel of record hereby certifies that this memorandum contains 3,488 words, which complies with the word-count limitations of Local Civil Rule 7.1(c). This certification was prepared in reliance on the word-count function of the word processing system (Microsoft Word) used to prepare the document.

By: *_/s/ Whitney M. Smith_*
Whitney M. Smith