**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

IN RE ZETA GLOBAL DATA PRIVACY LITIGATION

Case No. 1:25-cv-05780-PAE

THIS DOCUMENT RELATES TO:

*All Cases*
1:25-cv-05780-PAE
1:25-cv-05823-PAE

**REPLY IN SUPPORT OF PLAINTIFFS' MOTION FOR RECONSIDERATION**

## I. INTRODUCTION

Defendants Zeta Global Corp. and Zeta Global Holdings Corp.'s (together, "Zeta") and Defendant Dotdash Meredith, Inc.'s ("Dotdash" and collectively with Zeta, "Defendants") Opposition to Plaintiffs' Motion for Reconsideration ("Opposition") misinterprets both the basis for Plaintiffs' Motion for Reconsideration ("Motion") and the standard governing reconsideration. Defendants insist that Plaintiffs must cite new legal authority, even though clear error and the availability of new evidence—both of which Plaintiffs respectfully argue are present here—are separate, independently sufficient grounds for reconsideration.

Defendants also argue that any new evidence should have been submitted earlier, despite acknowledging that they mounted a *facial challenge*, for which "a plaintiff bears no evidentiary burden." Opp. at 8. Plaintiffs acted diligently once the Court's August 5, 2026 Order (ECF No. 83) (hereinafter "Order") revealed that the Court expected an evidentiary showing notwithstanding the nature of Defendants' challenge, promptly developing and submitting the types of evidence the Court found lacking.

Defendants' argument that leave should be denied because Plaintiffs failed to amend their complaint earlier fares no better. Plaintiffs were not on notice that additional evidence or allegations would be necessary until they received the Court's August 5, 2026 Order. And Defendants ignore that the Court expressly ordered dismissal "without prejudice." Order at 23. Denying leave to amend now would effectively convert that without-prejudice dismissal into a dismissal with prejudice, notwithstanding Plaintiffs' prompt effort to address and cure the issues identified by the Court.

Defendants' failure to grapple with the actual grounds for Plaintiffs' Motion underscores the weakness of their Opposition. Plaintiffs do not seek reconsideration merely because they

disagree with the Court's ruling, but because they had no opportunity to submit the evidence the Court found lacking—which their Motion confirms is now available—and because the Court found allegations missing that are already found in the First Amended Complaint ("FAC"). Both warrant reconsideration.

## II. ARGUMENT

### A. Defendants' Opposition Confirms Reconsideration is Warranted

Defendants' own Opposition confirms that reconsideration is appropriate. Defendants acknowledge they mounted a facial challenge, "based solely on the complaint's allegations," for which "a plaintiff bears no evidentiary burden." Opp. at 8. Yet, while Defendants insist the Court applied that facial standard rather than an evidentiary one, the Order itself says otherwise. *See* Order at 7 (stating that Plaintiffs bore "the burden of proving by a preponderance of the evidence that [jurisdiction] exists," and that "jurisdiction must be shown affirmatively, and that showing is not made by drawing from the pleadings inferences favorable to the party asserting it"); Order at 13 (stating Plaintiffs' allegations that Zeta profiles contain up to "'2,500' pieces of information" as "conjecture").

That mismatch is precisely why reconsideration is warranted. Plaintiffs had no reason to submit evidence in response to a facial challenge that, by Defendants' own admission, imposed no evidentiary burden. Once the Court's Order suggested that Plaintiffs bore an evidentiary burden, Plaintiffs promptly developed and submitted the evidence the Court found lacking. Whether framed as correction of clear error or consideration of newly available evidence, reconsideration is the proper vehicle to address that issue now.

* * *

**B. Plaintiffs' Profiling Evidence Warrants Reconsideration**

Defendants' contention that Exhibit A to Plaintiffs' Motion ("Exhibit A") does not warrant reconsideration likewise cannot be squared with the Order. The Court rejected Plaintiffs' profiling allegations as unsupported "conjecture," reasoning that Plaintiffs merely "hypothesize[d]" that Zeta "might" possess extensive information about them. *See* Order at 13.

However, Exhibit A—drawn from Zeta's own documents—confirms that Zeta uniquely identified Plaintiff K.G. through a persistent identifier, tracked her location hundreds of times by city, state, and coordinate pair, and placed her in more than 475 distinct audience segments derived from her private online activity, including segments concerning sensitive health conditions, political ideology, and personality and behavioral traits. Having now substantiated the very allegations the Court deemed speculative, Plaintiffs respectfully submit that the Court should reconsider whether those allegations suffice to establish injury in fact.[1]

Defendants' characterization of Exhibit A as reflecting only "IP addresses, 'identifiers' and other geographic information" already found insufficient (Opp. at 9) mischaracterizes the evidence. Exhibit A does not merely identify isolated data points. It documents a compiled profile and, specifically, the very type of dossier the FAC alleged and the Court deemed conjectural. Nor does Defendants' argument that the audience segments "fail[] to show that such placement was unlawful," (Opp. at 9) answer the standing question. The issue here is whether Plaintiffs have adequately alleged and substantiated a concrete injury, not whether Exhibit A independently proves every element of Plaintiffs' underlying claims. But in any event, the FAC alleges that Zeta

[1] Because Exhibit A pertains to Plaintiff K.G., it establishes that reconsideration is warranted at least as to her. But the exhibit also answers the Court's broader concern, expressed as to all three Plaintiffs, that the profiling allegations were unsubstantiated conjecture: it confirms that Zeta's profiling is a real, documented practice rather than a hypothetical one, bearing directly on the plausibility of the same allegations pleaded as to each Plaintiff.

compiled this information through non-consensual tracking and profiling, such that this conduct is "unlawful" even if that were a separate standing requirement. And, finally, Defendants' reliance on this Court's recent *mParticle* decision is misplaced, as nowhere in that decision did the Court evaluate whether profiling based on sensitive data is sufficient to establish Article III injury. *See* 1:25-cv-08173-PAE, ECF No. 72 (S.D.N.Y. September 1, 2026).

**C. Plaintiffs' Collection Allegations Warrant Reconsideration**

Defendants' insistence that Plaintiffs must identify new controlling authority is inconsistent with the reconsideration standard, which independently permits reconsideration based on clear error or newly discovered evidence. Mot. at 4. Here, the Court found that Plaintiffs failed to "elaborate" on the types of data Zeta collected or to define terms such as "unique impression ID" and "PII." Order at 10. But the FAC expressly identifies discrete categories of intercepted data (FAC ¶¶ 103–111) and describes the challenged interceptions in detail (FAC ¶¶ 101–112). Those allegations are further corroborated by Zeta's own public documentation. Exhibit B to Plaintiffs' Motion ("Exhibit B"), for example, defines "Campaign ID" and confirms that Zeta collects URLs, device type, and browser type. Ex. B at 7. Meanwhile, Exhibit C to Plaintiffs' Motion ("Exhibit C") is a capture of the actual network traffic generated when a user interacts with People.com and confirms the interception the FAC alleges, namely, the interception of full URLs revealing article titles alongside unique identifiers. *See* Mot. at 8. Whether treated as overlooked allegations or new evidence, there is nothing improper with seeking reconsideration on these grounds.

**D. Plaintiffs' Traceability Allegations Warrant Reconsideration**

As with collection, Defendants sidestep the actual basis for reconsideration and demand new authority. That, again, is not the standard. The Court concluded that traceability was lacking because the FAC purportedly "pleads ignorance about how the named plaintiffs' data traveled to

Zeta" and raised the "confounding possibility" that the data reached Zeta through "other data aggregators[.]" Order at 16-17. But Plaintiffs' Motion identifies allegations the Court appears not to have considered that explain in detail precisely how Zeta's technology intercepts and transmits Plaintiffs' data. FAC ¶¶ 26, 33, 40, 64, 76-79, 103–112. And the allegation that Zeta may also obtain *additional* data from third-party aggregators does not defeat traceability where the FAC independently alleges a direct causal pathway between Zeta's own tracking technology and Plaintiffs' injuries. Mot. at 11. Reconsideration is therefore warranted to address allegations material to the Court's traceability analysis, regardless of whether the authority supporting that argument is new.

**E. Defendants' Other Objections are Not a Basis to Deny Reconsideration**

Defendants' complaint that Exhibits A and B "lack foundation" because Plaintiffs did not supply the date the documents were generated also fails. Opp. at 5-6. These materials come from Defendants' own website, which does not display a creation date. Plaintiffs therefore provided the date the materials were last visited, which is the only information within Plaintiffs' possession. It is Defendants, not Plaintiffs, who control and can readily confirm when the underlying data was generated. And Defendants' contention that Exhibit A is not probative because it postdates the FAC is wrong. *Id*. Exhibit A proves Zeta profiled Plaintiff K.G. without consent based on inherently sensitive data, and there is no basis to assume this profiling began only after briefing closed, rather than before this action was filed, as the FAC alleges.

Defendants' objections to Exhibit C fare no better. Exhibit C is a representative capture of the technical processing that underlies the interception allegations already pleaded in the FAC, offered in direct response to the Court's observation that the FAC did not concretely plead that data was not "willingly relinquished" and "transferred from partner websites to Zeta[.]" Order at

17. Defendants' complaint that Plaintiffs do not aver the file was generated by a named Plaintiff and when (Opp. at 6) misapprehends its purpose. Exhibit C is not offered as a record of any particular Plaintiff's session, but to demonstrate from a technical perspective how Zeta's technology intercepts and transmits private content and persistent identifiers from a Dotdash property to Zeta. Because that technology operates identically for every visitor, the capture illustrates precisely what occurs each time any user, including each named Plaintiff, interacts with the property.[2]

### F. Leave to Amend is Warranted

Defendants' argument that the Court is "powerless" to grant leave misunderstands the relief sought and the sequence in which it operates. Opp. at 11. If the Court grants reconsideration, it will have jurisdiction and may grant leave to amend. In the interim, declining to direct the Clerk to close the docket while the Motion is resolved is merely an administrative act of docket management, not an exercise of subject matter jurisdiction. Keeping the case open so that the very question of jurisdiction can be decided simply ensures that there is no manifest injustice, where Plaintiffs may potentially lose their claims on statute of limitations grounds. *See* Mot. at 11-12.

## III. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court grant their Motion for Reconsideration.

Dated: September 10, 2026

*<u>/s/ Amanda Fiorilla</u>*
Christian Levis
Amanda Fiorilla
Rachel Kesten
Yuanchen Lu

[2] While Defendants argue that the submission of exhibits violates Local Rule, this does not make the *motion* procedurally improper (Opp. at 4) but, at most, warrants striking the exhibits themselves. The basis for Plaintiffs' Motion does not change in any material respect.

**LOWEY DANNENBERG, P.C.**
44 South Broadway, Suite 1100
White Plains, NY 10601
Tel.: (914) 997-0500
Fax: (914) 997-0035
clevis@lowey.com
afiorilla@lowey.com
rkesten@lowey.com
ylu@lowey.com

Gary E. Mason
Danielle Perry (Admitted *Pro Hac Vice*)
**MASON & PERRY LLP**
5335 Wisconsin Avenue N.W., Suite 640
Washington, DC 20015
Tel.: (202) 429-2290
gmason@masonllp.com
dperry@masonllp.com

*Interim Co-Lead Class Counsel*

Blake Hunter Yagman
**YAGMAN PLLC**
RXR Plaza
626 RexCorp Plaza
Uniondale, NY 11556
Tel: 929-709-1493
blake.yagman@yagmanpllc.com

*Interim Executive Committee Member*

Israel David
**ISRAEL DAVID LLC**
60 Broad Street, Suite 2900
New York, New York 10004
Tel.: (212) 350-8850
Fac.: (212) 350-8860
israel.david@davidllc.com

*Interim Executive Committee Member*

*Attorneys for Plaintiffs R.E.A., K.G., Diane Ayerdi, and the Putative Classes*

**CERTIFICATE OF COMPLIANCE**

As required by the United States District Court for the Southern District of New York Local Rule 7.1(c), I certify that the document contains 1,707 words, excluding the parts of the document that are exempted by the United States District Court for the Southern District of New York Local Rule 7.1(c). I declare under penalty of perjury that the foregoing is true and correct.

Dated: September 10, 2026

*/s/ Amanda Fiorilla*